## HARRIET H. DOLL v. JOSEPH SMITH.

AFFIDAVIT OF SERVICE OF NOTICE OF APPEAL.—An affidavit of service of a notice of appeal on the respondent's attorney, if it does not show a personal service, must state that the notice was left in his office with his clerk, or with a person having charge thereof, or that no person was in the office, and that the notice was left there in a conspicuous place, between the hours of eight in the morning and six in the afternoon.

APPEAL from the District Court, Second Judicial District, Tehama County.

Plaintiff recovered judgment in the Court below, and the defendant appealed.

The other facts are stated in the opinion of the Court.

*George Cadwalader*, for the Motion.

*W. S. Long*, and *Robinson & Dunlap*, against the Motion.

By the Court, SAWYER, J. :

This case was submitted subject to a motion to dismiss the appeal upon exceptions to the record duly filed, upon the ground that the affidavit of service of notice of appeal does not show due service. The service was not personal, but

there was an attempt to procure substituted service on the attorney under section five hundred and twenty of the Practice Act, which provides that service may be made as follows : "If upon an attorney, it may be made during his absence from his office by leaving the notice or other papers with his clerk therein, or with a person having charge thereof; or when there is no person in the office, by leaving them between the hours of eight in the morning and six in the afternoon in a conspicuous place in the office." The affiant in his affidavit of service says he "served the within notice on the plaintiff, by leaving a copy of the same at the office of J. G. Doll, plaintiff's attorney, in the Town of Red Bluff, on the 23d day of July, 1866." This affidavit fails to show a number of facts essential to constitute a valid service under the statute. It does not appear whether the attorney was absent, or whether any clerk was present, or anybody in charge of the office or not. If the attorney is present the service must be personal ; if a clerk, or some one in charge of the office, it is necessary to leave the notice with such clerk or person in charge. If no one is present, it must be left "in a conspicuous place in the office." In this instance, for aught that appears to the contrary, it may have been put in the stove, or some other place where it was not likely to be found. If there was no person in the office, service could only be effected by leaving the notice "between the hours of eight in the morning and six in the afternoon." The time when the notice was left does not appear. The affidavit fails to show these essential facts, and therefore fails to show a valid service. The appeal must be dismissed on this ground. We have looked into the record, however, and are satisfied that the judgment would have to be affirmed if decided on its merits.

Appeal dismissed.