(January 28, 1884.)

## WARNER v. TEACHENOR.

[2 Pac. 717.]

PRACTICE—SERVICE OF PAPERS—STATUTORY CONSTRUCTION.—Section 685 of our Code of Civil Procedure which provides that service of papers may be made by leaving the same in the office of an attorney in a conspicuous place, etc., is in derogation of the common law, and must be strictly construed.

PROOF OF SERVICE.—An affidavit in proof of such service must state that all the conditions of the statute authorizing such service have been substantially complied with or it will be disregarded.

(Syllabus by the court.)

APPEAL from District Court, Ada County. Appeal dismissed on motion.

Huston & Gray, for Appellants.

J. Brumback, for Respondent.

No briefs filed in this case.

BUCK, J.—This cause comes into this court on appeals from final judgment, and from an order overruling a motion for a new trial. The respondent appears specially by his attorney, and moves a dismissal of the appeal from the judgment on the ground that more than one year had elapsed from the entry of the judgment until the taking of the appeal, and also from the order overruling the motion for a new trial: 1. For defect in the undertaking; 2. Because the notice of appeal contains simply the surname of plaintiff and respondent, without the Christian name; 3. That the record shows no service of notice of appeal.

The objection that the appeal from the judgment was not taken in time, was not contested by the attorney for the appellant, and the defect in the undertaking having been cured by the filing of a new undertaking under section 657 of our Practice Act, there remains only the objection to the contents, and service of the notice of appeal, to be passed upon.

The proof of service of the notice of appeal is contained in the affidavit of the attorney for defendants and appellants to the effect "that affiant served the notice upon the attorney for respondent and plaintiff by leaving a true copy thereof at his office in Boise City, Ada county, Idaho territory, on the twenty-first of May, 1883." Section 685 of the Code of Civil Procedure provides that service may be made upon an attorney during his absence from his office by leaving the notice with his clerk therein, or with a person having charge thereof; or, when there is no person in the office, by leaving it between the hours of 8 in the morning and 6 in the afternoon in a conspicuous place in the office. This section provides for constructive service instead of personal, and being in derogation of the common law, which required personal service, the statute must be strictly construed.

In *Jackson v. Gardner,* 2 Caines, 95, the court say, speaking of an affidavit of service like the one at bar: "The affidavit is

defective; it does not state that there was no one in the office. The notice might have been slipped down without any intimation and have remained unobserved. To make such service good it ought to have stated that there was not anyone in the office."

This is still more distinctly declared to be the law in *Doll v. Smith,* 32 Cal. 475, in a case in all respects identical with the one at bar.

It is maintained by the appellants that under section 269 of the Code of Civil Procedure, the defect in proof should be disregarded. But service of notice of appeal is a jurisdictional fact which affects the substantial rights of the parties, and the court is of the opinion that the section referred to does not contemplate the disregarding of a defect in proof of a fact necessary to give the court jurisdiction of the matter in controversy.

As to the contents of the notice itself the court is not prepared to say that it is so defective as not to give the respondent sufficient information as to the judgment appealed from. The determination of the court as to the service of the notice of appeal, however, renders it unnecessary to consider the contents of the notice.

The motion of respondent is sustained, and the appeals are dismissed.

Prickett, J., concurred.

Morgan, C. J., did not sit in this case.