(December 18, 1905.)

## PETER v. KALEZ.

[83 Pac. 526.]

MOTION FOR NEW TRIAL—PREMATURE HEARING AND SUBMISSION—AFFIDAVITS OF NEWLY DISCOVERED EVIDENCE—COUNTER-AFFIDAVITS—
—TIME FOR FILING AND SERVICE—PROOF OF SERVICE OF NOTICE AND MOTION.

1. Under section 4441 of the Revised Statutes, where a motion for a new trial is to be made on affidavits, the adverse party is entitled to ten days after service on him of the affidavits of the moving party in which to file and serve counter-affidavits and within the period allowed for filing such counter-affidavits, the court has no power or authority to hear and consider a motion for a new trial based on the affidavits of the moving party.

2. By section 4442 the court is prohibited from hearing a motion for a new trial based on affidavits until after the expiration of the ten days allowed the adverse party in which to file counter-affidavits.

3. The adverse party is entitled to notice of the time and place of the hearing on a motion for a new trial and to be present at the hearing and present his side of the case.

4. Sufficiency of proof of service of notice and motion for a new trial considered and discussed.

(Syllabus by the court.)

APPEAL from District Court in and for Kootenai County. Honorable Ralph T. Morgan, Judge.

Suit in equity for a decree canceling a deed. Judgment for defendants and a new trial granted. From the order granting a new trial, defendants appeal. Reversed.

The facts are stated in the opinion.

Edwin McBee and James Hopkins, for Appellants.

Appellants contend that the court had no jurisdiction to hear the motion for new trial on May 1, 1905. There is no proof in the record that the motion and affidavits had been served on appellant, as the affidavit of Fred L. Burgan was not filed until May 15th, two weeks after the motion for new trial was submitted. The principle is elementary. (*Vermont Loan etc. Co. v. McGregor,* 5 Idaho, 510, 51 Pac. 104; *Reinhart v. Lugo,* 86 Cal. 395, 21 Am. St. Rep. 52, 24 Pac. 1089.) Our statutes, section 4889 of the Revised Statutes, provide in regard to service and how it must be made, as follows: "If upon an attorney, it may be had during his absence from his office by leaving the notice or other papers, etc., with his clerk therein, or with a person having charge thereof." Our supreme court has held that this section must be strictly construed, and an affidavit in proof of such service must state that all the conditions of the statute authorizing such service have been substantially complied with, or it will be disregarded. (*Warner v. Teachenor,* 2 Idaho, 38, 2 Pac. 717; *Doll v. Smith,* 32 Cal. 475; 19 Ency. of Pl. & Pr. 947; *Dalzell v. Superior Court,* 67 Cal.

453, 7 Pac. 910.) Code of Civil Procedure, section 3526, paragraph 1, provides: "If the motion is made upon affidavits, the moving party must, within ten days after serving the notice, or such further time as the court in which the action is pending, or the judge thereof may allow, file such affidavits with the clerk and serve a copy upon the adverse party, who shall have ten days to file counter-affidavits, a copy of which must be served upon the moving party." The attempted service was made at 11 o'clock A. M. of the day the same was filed. Under our statute, we think the notice must be filed first, and then served. (*Clark v. Lowenberg,* 1 Idaho, 654; *Slocum v. Slocum,* 1 Idaho, 589.) And nothing will be presumed in favor of the legality of the proceedings. (*Anderson v. Knott,* 1 Idaho, 626.) The same question, under a similar statute, has been before the supreme court of Washington, and in each and every case it has been held by said court that the filing must precede the services. (*State v. Superior Court of King Co.,* 17 Wash. 54, 48 Pac. 733; *Boyle v. Great Northern Ry. Co.,* 13 Wash. 383, 43 Pac. 344; *Erickson v. Erickson,* 11 Wash. 76, 39 Pac. 241.) Section 4441 of the Revised Statutes (Code Civ. Proc., 3526) provides that when a motion for a new trial is made upon affidavits, the opposite party shall have ten days to file counter-affidavits. Therefore, the motion for a new trial could not be lawfully heard before May 5, 1905.

Robertson, Miller & Rosenhaupt, Barnes & Latimer and McClear & Burgan, for Respondent.

It will be conceded as a proposition of law that questions of the character involved in this suit shall be brought to the attention of the trial court before error can be predicated upon them. In support of this contention we cite Spelling's New Trial and Appellate Procedure, sec. 671, and cases there cited; *O'Connor v. Hitzler,* 20 Colo. App. 385, 80 Pac. 474; *Marean v. Stanley,* 21 Colo. 43, 39 Pac. 1086. This being the law of this state, the appellants should have made application to the court for leave to file counter-affidavits, if neces-

sary, and in such application should have shown the court that the motion had been argued prior to the time which the law allowed them to file their counter-affidavits.

AILSHIE, J.—This is an appeal from an order granting a new trial. The respondent has filed a motion to dismiss the appeal on the ground that service of the transcript on appeal was admitted by the stenographer employed in the office of Robertson, Miller & Rosenhaupt, of counsel for respondent residing in Spokane, in the name of the firm in whose office he was employed, and that such stenographer had no authority to admit service or accept copy of transcript in cases on appeal. It appears that on or about the fifteenth day of September, 1905, one of the attorneys for the appellants went to the office of Robertson, Miller & Rosenhaupt in Spokane, and finding no one but the stenographer in the front room of the office, presented to him a copy of the transcript and requested him to admit service for the firm, and that he did so in the name of the firm of attorneys with whom he was employed. It appears by the affidavit of the stenographer that at the time he accepted service one of the attorneys was in an adjoining room. There is no pretense made in this case that the attorneys for the respondent did not receive a copy of the transcript. While technically the stenographer might have had no authority to accept service and sign the names of his employers thereto, still it is admitted that the transcript was actually received by the attorneys, and it is clear that they were in no way deceived, misled or prejudiced by the service in the manner it was made. The motion is denied.

The appellants contend that the order granting a new trial in this case must be reversed upon the grounds that it was prematurely made without notice to the appellants and without giving them the statutory time in which to prepare, serve and file their counter-affidavits to be considered on the hearing of the motion. Notice of intention to move for a new trial was served and filed April 15, 1905. Motion for a new trial accompanied by affidavits of A. E. Barnes, Mike

Desartin and James Justice were filed April 24, 1905. The motion for a new trial recites that "the plaintiff in the above-entitled cause will on the first day of May, 1905, at the hour of 2 o'clock P. M., of said date, or as soon thereafter as counsel can be heard, at the courtroom at Rathdrum, in the county of Kootenai, state of Idaho, move the court to vacate the judgment or decision of the court found in this cause, etc." It is claimed that this motion and notice was served on the attorney for the defendants on the twenty-fourth day of April, 1905. Counsel for appellants, however, claim that there is no proof of service of the notice and motion, and that the attempted proof is totally defective and insufficient under the statute. The proof of service as found in the transcript is as follows: "Fred L. Burgan, being first duly sworn, deposes and says that he is one of the attorneys for the plaintiff in the above-entitled action; that he served a true copy of the motion for a new trial in the above-entitled action, and a copy of all of the affidavits used by plaintiff in support of said motion on Edwin McBee, one of the attorneys for defendant, by leaving said copies with the stenographer employed by said Edwin McBee in his office in the town of Rathdrum, county of Kootenai, state of Idaho, at about 11 o'clock A. M., on the twenty-fourth day of April, 1905." On May 1st it appears that the district court was in session at Rathdrum, and at the hour of 2 o'clock P. M., one of the attorneys for respondent called up his motion and argued and presented the same, and the motion was thereupon taken under advisement by the court. It appears by the affidavits of the attorney who presented the motion that Edwin McBee, attorney for appellants, was present in the courtroom, but did not appear in the matter and made *no objection* and took no part in the presentation of the motion. The court held the matter under advisement until August 10th, on which date he made his written order granting the motion and ordering a new trial. Counsel for appellants takes the position that at the time this motion was argued, submitted and taken under advisement by the court, appellants' time for filing counter-affidavits had not yet

expired, and for that reason the hearing was premature, and the court had no authority to hear or consider the matter. Section 4441 of the Revised Statutes provides that where a party intends to move for a new trial, ''if the motion is to be made upon affidavits, the moving party must, within ten days after serving the notice, or such further time as the court in which the action is pending, or a judge thereof may allow, file such affidavits with the clerk and serve a copy upon the adverse party, who shall have ten days to file counter-affidavits, a copy of which must be served upon the moving party.'' It will at once be observed from the provisions of this statute that the motion for a new trial was argued and submitted to the court and taken under advisement some four days prior to the expiration of the time which was allowed the adverse parties for filing their counter-affidavits. The notice of intention to present such motion on that day was therefore a nullity, for the reason that it specified a date previous to the time limited by statute within which the defendants were authorized to file their proofs in opposition to the motion. One of the grounds upon which the motion was noticed to be heard was the affidavits of E. A. Barnes, Mike Desartin and James Justice, attached to the motion and made a part thereof. Section 4442 of the Revised Statutes provides that ''the application for a new trial shall be heard at the earliest practicable period after notice of the motion, if the motion is to be heard upon the minutes of the court, and in other cases, after the affidavit, bill of exceptions, or statement, as the case may be, are filed, and may be brought to a hearing upon motion of either party.'' Now, keeping in mind the fact that the adverse party is allowed ten days after service upon him of the moving party's affidavits in which to file and serve his affidavits, it is clear that the court or judge thereof has no power or authority to hear and determine a motion for a new trial prior to the expiration of this period allowed for the filing of affidavits. Respondent admits that his motion for a new trial was prematurely submitted to the court and by the court taken under advisement, but he says the court

did not pass on the motion for some months thereafter, and that in the meanwhile appellants' time for filing counter-affidavits expired. There can be no doubt but that the motion was noticed for and heard at a premature date—a date some four days short of the time allowed by positive statute. (*Buckle v. McConaghy,* ante, p. 533, 83 Pac. 525.) It therefore follows that although the order was actually signed and filed after the expiration of defendants' time for filing counter-affidavits, still that order stands here as having been made without notice to the adverse party of the time and place of hearing thereon and without any opportunity for the defendants to be heard. The litigants on both sides have a right to be heard on a motion for a new trial, and each has a right to be present when his adversary is presenting his side of the case. There is no more reason for submitting such a motion one side at a time and when the adverse party is absent, than there would be for allowing a plaintiff to offer proofs and submit the case on the part of the plaintiff prior to the expiration of the time in which the defendant had for filing his answer. Since we are under the necessity of reversing this order granting a new trial on the ground that it was prematurely heard and submitted, we think it also advisable to notice the proof of service heretofore set out. Section 4889 of the Revised Statutes, which provides for service of notice and other papers on the attorney for a litigant, provides: "If upon an attorney, it may be made during his absence from his office, by leaving the notice or other papers with his clerk therein, or with a person having charge thereof; or when there is no person in the office by leaving them, between the hours of 8 in the morning and 6 in the afternoon, in a conspicuous place in the office; or if it be not open so as to admit of such service, then by leaving them at the attorney's residence, with some person of suitable age and discretion; and if his residence be not known, then by putting the same, inclosed in an envelope into the postoffice, directed to such attorney." The service provided for in this subdivision of the statute is known as a constructive service. It will be

noticed that in order to justify a service on anyone other than the attorney, or the leaving of a copy in his office, the attorney should be absent from his office. If delivered to some other person for the attorney, it must appear that such other person was either his clerk or a person having charge of the office, and in case there is no person meeting either of these requirements, then it must appear that the notice was left in "a conspicuous place in the office between the hours of 8 in the morning and 6 in the afternoon." The proof of service in the present case makes no attempt to show a personal service on Mr. McBee, nor does it show that he was absent from his office. On the other hand, it shows that the copies were left "with the stenographer employed by said Edwin McBee in his office in the town of Rathdrum." It might be presumed that the stenographer was in charge of the attorney's office and possibly that the stenographer was his "clerk" within the meaning of section 4889, *supra;* but it cannot be reasonably presumed that the attorney was absent from his office in the absence of a statement in the proof of service to that effect. The question as to the sufficiency of service of this kind has frequently been before the courts and construed in the light of the statute above quoted. (*Warner v. Teachenor,* 2 Idaho, 38, 2 Pac. 717; *Doll v. Smith,* 32 Cal. 476; *Gallerdo v. Atlantic etc. Tel. Co.,* 49 Cal. 510; *Dalzell v. Superior Court,* 67 Cal. 453, 7 Pac. 710; *Mohr v. Byrne,* 131 Cal. 288, 63 Pac. 341.) We do not mean to be understood as saying that we would or would not reverse the judgment on account alone of the defect in the foregoing proof of service. It is sufficient in this case to say that the defect deserves and requires consideration. Parties litigant cannot be too careful in making proof of service, where service is required by statute. The motion for a new trial having been prematurely argued, submitted and taken under advisement, and having been eventually made and entered without notice, is therefore erroneous and is reversed, and the cause is remanded for further proceedings. Costs awarded to appellants.

Stockslager, C. J., and Sullivan, J., concur.