QUINTERO ET AL., PLAINTIFFS AND APPELLANTS, *v.* MORALES, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of San Juan, Section 1, in an action for the recovery of property and its profits.

MOTION of the respondent to dismiss the appeal.

No. 1059.—Decided December 22, 1913.

APPEAL—DISMISSAL OF APPEAL—NOTICE OF APPEAL—SERVICE OF NOTICE BY MAIL—CONSTRUCTION.—A motion for the dismissal of an appeal for the

reason that service of the notice of appeal was made by mail when the attorney for the adverse party had an office open in the same city where the attorney for the appellant resides, should be sustained, because in such circumstances the service should be made personally or in some of the other ways prescribed by section 320 of the Code of Civil Procedure which should be construed strictly.

ID.—NOTICE OF APPEAL—SERVICE OF NOTICE BY MAIL.—Notwithstanding the doctrine laid down in the preceding paragraph, if the appellants' attorney in this case had shown that although he erred in serving the notice of appeal by mail the defendant's attorney had actually been given notice in due time of the filing of the appeal, or if the defendant's attorney himself had acknowledged the service of the notice, perhaps this court might overrule the motion to dismiss the appeal.

The facts are stated in the opinion.

*Mr. Luis Freyre Barbosa* for appellants.

*Messrs. José R. F. Savage* and *Hugh R. Francis* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On November 22, 1913, the transcript of the record in this case was filed in the office of the secretary of this court and on the 24th of the same month and year the respondent appeared and filed a verified motion for the dismissal of the appeal on the following grounds:

"I. That the notice of appeal in this case was served by mail, as is shown by the transcript of the record; that the defendant's attorney, José R. F. Savage, to whom the said notice was sent, had his office open in the city of San Juan, Porto Rico.

"II. That as there is no statement of the case in this appeal because no evidence was introduced, the time allowed for the filing of the transcript of the record in this case had elapsed when the appellant filed the same on November 22, 1913."

Let us examine the first of the questions raised.

Section 296 of our Code of Civil Procedure reads as follows:

"An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney."

Section 320 of the same code reads as follows:

"The service of notice or other paper may be personal, by delivery to the party or attorney on whom the service is required to be made, or it may be as follows:

"1. If upon an attorney, it may be made during his absence from his office, by leaving the notice or other papers with his clerk therein, or with a person having charge thereof; or when there is no person in the office, by leaving them, between the hours of eight in the morning and four in the afternoon, in a conspicuous place in the office; or if it be not open so as to admit of such service, then by leaving them at the attorney's residence, with some person of suitable age and discretion; and if his residence be not known, then by putting the same, inclosed in an envelope, into the post-office, directed to such attorney.

"2. If upon a party, it may be made by leaving the notice or other paper at his residence, between the hours of eight in the morning and six in the evening, with some person of suitable age and discretion; and if his residence be not known, by putting the same inclosed in an envelope, into the post-office, directed to such party by registered mail."

Section 321 reads:

"Service by mail may be made, where the person making ﾞthe service, and the person on whom it is to be made, reside or have their offices in different places, between which there is a regular communication by mail."

The law establishes, then, in an unmistakable manner, the necessity for serving the notice of appeal on the adverse party—a jurisdictional requisite—and the manner in which the notice should be served. In construing section 3711 of the Idaho Code, which is similar to section 320 of our Code of Civil Procedure above quoted, the Supreme Court of the said State in the case of *Warner* v. *Teachenor*, 2 Idaho, 38, 39, expressed itself as follows:

"This section provides for constructive service instead of personal service and it being in opposition to the common law, which required personal service, the statute must be construed strictly."

Having before us the law governing the subject under consideration and having established the rule which should be followed in construing the same, let us see what are the circumstances of this particular case so as to decide the same equitably..

The only showing in the records relative to the service of the notice of appeal on the attorney of the adverse party is the following:

"I, Luis Freyre Barbosa, attorney, resident of San Juan, of age, swear that I am the attorney for the plaintiffs in the case to which the foregoing motion refers, and that in such capacity I mailed under registered cover a copy of this notice of appeal to José R. Savage, attorney for the defendant, as is shown by receipt No. 3509 issued from the post-office of San Juan on this date. San Juan, Porto Rico, August 27, 1913. Sworn to before me this day by Luis Freyre Barbosa, attorney and resident of this city, whom I know personally. Francisco Negroni, Assistant Secretary."

It is not stated in the said affidavit why there was need to resort to the indirect manner provided for by law of making the service of the notice by mail, and in the motion for the dismissal of the appeal the respondent alleged under oath that the attorney for the defendant, on whom the notice was served, has now, and had at that time, his office open in the city of San Juan. The appellants appeared at the hearing on the motion but offered no evidence tending to refute that fact.

Our starting point is, then, that the defendant's attorney resides and resided in this same city of San Juan where the plaintiffs' attorney who served the notice resides and in the district court of which the action was brought. This being so we must conclude that the appellants had no authority to serve the notice on the respondent's attorney by mail, but should have served the same personally or in one of the other ways prescribed by section 320 of the Code of Civil Procedure.

We cite below some decisions of the Supreme Court of California applicable to the present case.

In *People* v. *Alameda Turnpike Co.,* 30 Cal., 184, it was held that a notice served by mail was valid only when the person making the service and the person upon whom it is made reside or have their offices in different places between which there is a regular communication by mail.

In *Cunningham* v. *Warnekey,* 61 Cal., 507, it was held that the affidavit must show that the person making the service and the person served reside in different places.

And in *Pacific Mutual Life Insurance Co.* v. *Shepardson,* 76 Cal., 376, it was held that an affidavit of a service by mail of a notice of appeal must state positively the fact of the service and must show that the affiant and the person served resided or had their offices in different places and that there was a communication by mail between said places.

If the appellants had even shown at the hearing that although they erred in serving the notice by mail the defendant's attorney had been given notice in due time of the filing of the appeal, thus complying substantially with the spirit of the law on this point, or if the defendant's attorney himself had acknowledged the service of the notice, perhaps, in accordance with the doctrine laid down in the cases of *Heinlen* v. *Heilbron,* 94 Cal., 636, and *Withers* v. *Little,* 56 Cal., 372, we might overrule the motion to dismiss and decide the case on its merits. But as these facts were not shown in any way and as the respondent's attorney, instead of acknowledging service of the notice, appeared specially before this court to move for the dismissal of the appeal on the very ground of the failure to make the service as required by law and as the law really was not complied with by the appellants, we must hold that the appeal should be dismissed on the first ground alleged.

Having reached that conclusion, we need not consider the second question raised.

*Motion sustained and appeal dismissed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.