(No. 6563. December 9, 1938.)

J. M. CAREY, Respondent, v. A. B. LAFFERTY and LAF-
FERTY TRANSPORTATION COMPANY, a Corpora-
tion, Appellants.

[86 Pac. (2d) 168.]

E. V. Boughton, for Appellants.

W. B. McFarland and N. D. Wernette, for Respondent.

MORGAN, J.—J. M. Carey commenced this action against A. B. Lafferty and Lafferty Transportation Company to recover damages for saw logs which appellants undertook to tow to market for him and which, he contends, were lost in transit; also for money alleged to be due him from appellants on a mutual open account. In a separate cause of action, in the complaint stated, he sought to procure a conveyance of land, from appellants, which he alleged he had caused to be deeded to them as security for the payment of money, which has since been paid. Judgment was for plaintiff, including a decree for the conveyance of the land to him. Defendants made a motion for a new trial which was based, in part, on affidavits filed by them. The motion was overruled and they have appealed from the judgment and decree and from the order denying a new trial. Respondent has moved to dismiss the appeal from the order denying a new trial, on the ground that the motion was prematurely heard, without notice to him and without giving him the statutory time in which to prepare, serve and file counter-affidavits. He also moved to strike the affidavits filed in support of the motion. The notice of motion for a new trial was served and filed January 27, 1938. Therein it appeared that the motion would be based, in part, on affidavits thereafter to be filed. Two affidavits were filed in support of the motion January 31, 1938, and that day a motion for a new trial was served; also a notice that February 5, 1938, at 10:00 o'clock A. M., or as soon thereafter as counsel might be heard, the motion would be presented to the trial judge. February 9, 1938, the judge made and entered an order overruling the motion for a new trial, in which he recited that the cause came on regularly for hearing before him, on the motion for a new trial, February 5, 1938; that defendants appeared by their attorney, E. V. Boughton, in support of the motion, and plaintiff appeared by his attorneys, N. D. Wernette and W. B. McFarland, in opposition thereto.

Respondent relies on I. C. A., sec. 7-604, subd. 1, which relates to motions for new trials, as follows:

"If the motion is to be made upon affidavits, the moving party must, within ten days after serving the notice, or such

further time as the court in which the action is pending, or a judge thereof, may allow, file such affidavits with the clerk and serve a copy upon the adverse party, who shall have ten days to file counter affidavits, a copy of which must be served upon the moving party.''

He also relies on *Peter v. Kalez,* 11 Ida. 553, 83 Pac. 526. In that case, this court, construing Rev. Stats., sec. 4441 (I. C. A., sec. 7–604), held that where a motion for a new trial is to be made on affidavits, the adverse party is entitled to ten days after service on him of the affidavits of the moving party, in which to file and serve counter-affidavits and that within the period allowed for filing such counter-affidavits the court had no power to hear and consider a motion for a new trial based on the affidavits of the moving party. That case differs from this one in this important particular: There the motion was presented *ex parte* and the adverse party did not, in any way, participate in the hearing of it. In this case the adverse party appeared, made no objection to the hearing being held at the time it was noticed to be heard, and participated in the argument. No objection was made to proceeding with the hearing and there was no request for an extension of time in order that counter-affidavits might be filed. An affidavit, by one of the attorneys for respondent, filed in this court, contains, among other things, the following:

''Affiant states that at the hearing on the motion for a new trial, the merits of the case were argued by affiant and co-counsel with reference to the actual evidence in said case but neither of the attorneys for said plaintiff made any argument whatsoever as to alleged facts set forth in the affidavits filed by said defendants in support of the motion for new trial; in fact, affiant stated to the court in the course of the argument that he did not and would not argue the facts as alleged and set forth in said affidavits, and then and there stated that the reason why he did not argue the facts in said affidavits was because the court did not have jurisdiction to consider said affidavits and that the reason why the court did not have jurisdiction was because of the

provisions of Section 7–604 I. C. A., and also cited the case of *Peter v. Kalez,* 11 Ida. 553, 83 Pac. 526. . . . . ''

Parties litigant are bound by the record they make in the district court, and there is nothing in our practice to justify the use of affidavits to establish facts which should have been made of record there and were not.

It is the duty of attorneys for litigants to not only clearly state their contentions to the trial judge, in order that he may have a fair opportunity to rule thereon, but to make such contentions, and the rulings thereon, of record so they may be reviewed in the event of appeal.

Section 7–604 of our code, granted to respondent the right to ten days, after service of the affidavits in support of the motion for a new trial, to serve and file counter-affidavits. This right he could and did waive by appearing, by counsel, at the time and place of hearing the motion for a new trial and by participating therein without making of record objection to proceeding, or applying for additional time in which to serve and file counter-affidavits.

December 15, 1937, the last day of the trial in the district court, J. E. Seaman, who resided in Spokane, Washington, was called to testify on behalf of appellants with respect to an item in the account sued on. On cross-examination by counsel for respondent, he was interrogated as to whether he had anything in writing, in any of his records, with respect to the matter about which he was testifying. He answered: ''We may have.'' Q. ''Will you look and see? A. ''I will be glad to do it.'' Q. ''And produce it if you have?'' A. ''I will, sir.'' December 16, Mr. Seaman wrote a letter to Mr. Boughton, counsel for appellants, with which he transmitted a letter from D. J. McArthur and an order for the payment of money, signed by respondent. The letter of McArthur and the order had bearing on the item under consideration and were documents such as the witness was asked to produce. Mr. Seaman, in his letter, requested Mr. Boughton to hand the papers to counsel for respondent. Instead of doing that, counsel for appellants, December 17th, exhibited the papers to one of the attorneys for respondent, mailed copies of them to the other one and

transmitted the originals to the district judge. No objection appears to have been made to these documents being submitted to the judge and no motion to strike them was made in the district court. They are, however, included in the motion to strike made in this court.

The submission of the documents to the judge, after the conclusion of the introduction of proof, was improper and, had respondent moved to strike them, or otherwise indicated his objection that they be given consideration, no doubt a ruling favorable to him would have resulted. He did not do this, but waited until the case reached this court and included these papers in his motion to strike, dated July 2, 1938. Respondent's objection to the use of these documents comes too late. By permitting the trial judge, without protest or objection, to make use of these papers in deciding the case and in disposing of the motion for a new trial, the right to object to them has been waived.

Respondent's motion to dismiss the appeal from the order denying a new trial, and to strike the affidavits and other documents, is denied.

 Appellants have specified nine errors, but have confined their argument to contentions that a variance occurred between the allegations of the complaint and the proof offered in support thereof, and that they were not given proper credit for logs which were recovered, and sold by respondent for a price in excess of what he would have received had they not been lost. Assignments of error, which have not been argued, and in support of which no authority has been cited, will not be considered. (*Crowley v. Idaho Indus. Training School*, 53 Ida. 606, 26 Pac. (2d) 180; *Thompson v. Walker*, 56 Ida. 461, 55 Pac. (2d) 1300; *Louk v. Patten*, 58 Ida. 334, 73 Pac. (2d) 949.)

 The contention that a variance occurred between allegations of the complaint and proof thereof is without merit. It is alleged in the complaint:

"That during the year 1933 and for a considerable period prior thereto the said plaintiff and the said defendants were doing business with each other, and during the year 1933 the said plaintiff delivered a large quantity, to-wit: over 1,700,-

000 feet of white pine saw logs to the defendants' sorting works at Dudley, Idaho, where the same were accepted by the said defendants and each of them and from which place the said defendants and each of them agreed to transport the said saw logs in booms, as a common carrier and public utility in interstate and intra-state commerce, to the sawmill of the Ohio Match Company located at Huetter, Idaho, . . . . ''

Then follows an allegation that appellants failed, refused and neglected to deliver 772 of the logs and permitted the booms to break and said logs to escape, become scattered and lost. In support of appellants' motion for a new trial, their attorney made and filed an affidavit wherein he set out that he had stated to one of respondent's attorneys that it would be necessary to demand a bill of particulars with respect to the allegation that during the year 1933 plaintiff delivered over 1,700,000 feet of logs to defendants' sorting works unless he could be advised as to the approximate amount over 1,700,000 feet plaintiff claimed to have delivered. The affidavit further shows that one of the attorneys for respondent wrote to appellants' attorney, as follows:

''I have agreed that your oral demand for bill of particulars may have the same meaning as if the same were written. This bill in the case of *Carey v. A. B. Lafferty, et al.,* concerns the allegation in the 4th and 5th line of paragraph II of the complaint that over 1,700,000 feet of white pine logs were delivered to the defendants' sorting works at Dudley, Idaho.

''In our complaint we mean to allege that approximately 1,700,000 feet of white pine logs were so delivered.''

Evidence was introduced that 1,766,770 feet, board measure, of logs were delivered to appellants by respondent between April and the middle of September, 1933, and that the losses occurred from these deliveries. The evidence, including exhibits 3 and 14, also showed the delivery, by respondent to appellants, for transportation to the mill of Ohio Match Company, of other logs which, together with those above mentioned, amounted to considerably more than 2,000,000 feet. It is appellants' contention that there is a variance

between this evidence and the allegation of the complaint, supplemented by the letter, with respect to the board measure feet of the logs delivered and the proof submitted in support thereof.

Exhibit 3 is a copy of the scale books showing the number of logs, and the number of thousand feet thereof, delivered by respondent to appellants for transportation. It was shown the scale books had been destroyed by the burning of a house in which they were kept and that, prior to their destruction, in preparation for the trial, respondent had made from them a correct copy of the scale, which is exhibit 3. When that exhibit was offered in evidence, counsel for appellants objected to it, as follows:

"Object to the introduction of this statement for the reason that it is purported to have been taken from records not in evidence. No evidence that the original statements were correct. This witness testified that he didn't make the original entries. This is a statement prepared for the purpose of this case according to the statement of the witness and contains computations to which there is no testimony and it is absolutely incompetent and is immaterial and does not come within the issues of the case by the pleadings."

Counsel for respondent having stated they would establish the correctness of the books from which exhibit 3 was copied, it was admitted in evidence.

Nothing in the objection indicates that counsel was relying on a variance, and if he had been, his objection would have been properly overruled because there was not sufficient difference in the number of feet of logs shown in exhibit 3 and the allegation of the complaint to constitute a prejudicial variance.

Exhibit 14, offered in evidence by respondent, is a statement prepared by John Sanford, office manager for Ohio Match Company, which shows credit had been given by the company to respondent between April 2 and December 26, 1933, for 2,300,430 feet of logs, and on June 14, 1934, 53,080 feet, making a total of 2,353,510 feet. The record shows counsel for appellants expressly consented to the admission

in evidence of exhibit 14, and that he was not misled by it appears from his brief, wherein he says:

"There can be no question that the variance was material; that the defendants were prejudiced in preparing their defense, as they had procured the evidence of John Sanford, and as a matter of fact it was exhibit No. 14 introduced by plaintiff, which had been prepared by Sanford at the instance of defendants."

Exhibit 14 includes deliveries of logs to Ohio Match Company from which respondent contends some of his logs were lost. It also includes deliveries from which it is not contended logs were lost. It is clear appellants were not misled by the discrepancy in the allegation of the complaint as to the number of thousand feet of logs delivered by respondent to appellants for transportation and exhibit 14 showing the number of thousand feet which reached the mill of Ohio Match Company. I. C. A., sec. 5–901, is as follows:

"No variance between the allegation in a pleading and the proof is to be deemed material unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it appears that the party has been so misled, the court may order the pleading to be amended upon such terms as may be just."

(*Newman v. Great Shoshone etc. Power Co.*, 28 Ida. 764, 156 Pac. 111; *Merrill v. Fremont Abstract Co.*, 39 Ida. 238, 227 Pac. 34.)

Appellants did not complain, during the trial, of being misled by variance. The rule applicable to this situation is to be found in *Aulbach v. Dahler*, 4 Ida. 654, 43 Pac. 322, thus stated in the syllabus:

"If, during the trial of a cause, the defendant is misled to his prejudice because of the variance between the allegations of the complaint and the proofs, he should then and there notify the court of that fact, and ask for proper relief. If he does not, he will not be permitted to first raise said question on motion for a new trial, or on appeal."

See, also, *Peck v. Nixon*, 47 Ida. 675, 277 Pac. 1112; *Duthweiler v. Hanson*, 54 Ida. 46, 28 Pac. (2d) 210.

The trial judge found respondent delivered to appellants 1,758,030 feet of logs which were accepted by them for transportation and delivery; that they failed to deliver 772 of the logs, which scaled 71,590 feet, and permitted said last-mentioned logs to escape and become scattered on Lake Coeur d'Alene and its tributary streams; that Winton Lumber Company recovered 223 of said logs, which scaled 18,330 feet, and paid respondent therefor, leaving 549 of said logs, which scaled 53,260 feet, which were lost to respondent by appellants. The trial court further found that the net value of the logs so lost and not recovered was $13.80 per thousand feet, making a total value of $734.98. After deducting certain credits to which the court found appellants to be entitled, it awarded judgment in favor of respondent for $550.57.

Appellants insist the judgment is excessive in this: that it is undisputed the logs recovered by Winton Lumber Company were paid for by it to respondent at the rate of $16 per thousand feet; that had they not been lost, but delivered according to contract, respondent would have received but $13.80 per thousand feet for them, and that he is not entitled to recover from appellants more than his actual damage, to wit: $13.80 per thousand feet for all logs lost and not recovered.

This contention is sustained. Respondent cannot recover more than he lost as a result of the breach of contract. In *O. A. Olin Co. v. Lambach,* 35 Ida. 767, 772, 209 Pac. 277, 278, 44 A. L. R. 354, we said:

"Any rule of damages adopted should permit the recovery of such damages as may be just. The established rule in actions for breach of contract is that only such damages will be allowed as fairly compensate the injured party for his loss."

See, also, *Jensen v. Wooters,* 56 Ida. 595, 57 Pac. (2d) 340; 15 Am. Jur. 400, Damages, sec. 12.

The case is remanded to the district court with direction to modify the judgment by deducting therefrom the difference between the amount received by respondent, for logs sold to Winton Lumber Company, and the amount he would

have received for them had they been delivered by appellants to Ohio Match Company according to contract. So modified, the judgment is affirmed. No costs awarded.

Holden, C. J., Ailshie and Givens, JJ., concur.

BUDGE, J., Dissenting.—I dissent from that portion of the majority opinion holding that the motion to dismiss the appeal from the order denying a motion for new trial should be denied. The trial court was without jurisdiction to hear and determine the motion for new trial for the reason that said motion was supported by affidavits and the time allowed to serve and file counter-affidavits had not expired, as provided by section 7-604, I. C. A: If this jurisdictional right could be waived, the record supports respondent's contention that it was not waived. The hearing on the motion for new trial was concededly prematurely set. Counsel for respondent strenuously objected to the hearing on the motion supported by the affidavits, and called the attention of the trial court to section 7-604, I. C. A., and particularly to subdivision 1 thereof, which provides:

"If the motion is to be made upon affidavits, the moving party must, within ten days after serving the notice, or such further time as the court in which the action is pending, or a judge thereof, may allow, file such affidavits with the clerk and serve a copy upon the adverse party, who shall have ten days to file counter affidavits, a copy of which must be served upon the moving party."

The trial court's attention was further called to the case of *Peter v. Kalez*, 11 Ida. 553, 83 Pac. 526, wherein the following language is used:

"Counsel for appellant takes the position that at the time this motion was argued, submitted and taken under advisement by the court, appellant's time for filing counter-affidavits had not yet expired, and for that reason the hearing was premature, and the court had no authority to hear or consider the matter."

and referring to section 4441, Rev. Stats., now section 7-604, I. C. A., the court further said:

"It will at once be observed from the provisions of this statute that the motion for a new trial was argued and submitted to the court and taken under advisement some four days prior to the expiration of the time which was allowed the adverse parties for filing their counter-affidavits. The notice of intention to present such motion on that day was therefore a nullity, *for the reason that it specified a date previous to the time limited by statute within which the defendants were authorized to file their proofs in opposition to the motion*. . . . . Section 4442 of the Revised Statutes, (Now sec. 7–605, I. C. A.) provides that 'the application for a new trial shall be heard at the earliest practicable period after notice of the motion, if the motion is to be heard upon the minutes of the court, and in other cases, after the affidavit, bill of exceptions, or statement, as the case may be, are filed, and may be brought to a hearing upon the motion of either party.' Now, keeping in mind the fact that the adverse party is allowed ten days after service upon him of the moving party's adffiavits in which to file and serve his affidavits, it is clear that the court or judge thereof has no power or authority to hear and determine a motion for a new trial prior to the expiration of this period allowed for the filing of affidavits."

The order of the court setting the motion down for hearing being premature was a nullity, and at the time of the appearance of counsel the court had no jurisdiction to entertain the motion and should have refused to entertain the same for lack of jurisdiction. The order being a nullity there was nothing upon which a waiver could operate. This being a jurisdictional question it may be raised in this court for the first time.

I also dissent from that portion of the majority opinion wherein it is held that the documentary evidence furnished to the judge after the case had been closed should not be stricken and disregarded. The majority opinion discloses sufficient facts to justify the statement that to uphold such a practice could well result in serious consequences, in this: That it would afford no opportunity for an inspection of the documentary evidence, nor examination of the witness fur-

nishing the same, and amounts in effect to the submission of evidence to the court after the case has been finally submitted. In the instant case the judge had possession of the documentary evidence before counsel for respondent knew that the same had been forwarded to the attorney for appellant. Concededly it was an oversight and inadvertence on the part of appellant's attorney to furnish the documentary evidence to the court and resulted in no injury to respondent, but it could well have been otherwise, and to refuse to strike and disregard such documentary evidence is inviting a practice that should not be permitted.

I further dissent from the holding in the majority opinion that no costs should be allowed to respondent.