RAMONA SANTANA, Plaintiff and Appellant, *v.* FRANCISCO A. SALINAS, Defendant and Appellee.

No. 7665. Argued December 21, 1938.—Decided January 20, 1939.

*Luis Vergne Ortiz,* for appellant. Appellee did not appear.

Mr. Justice De Jesús delivered the opinion of the Court.

This case declaring certain proceedings null was filed originally in the Municipal Court of San Juan, first section. Said court, after entering a judgment by default against defendant dismissed the complaint on the evidence. Plaintiff appealed to the District Court of San Juan and said Court rendered a like judgment. From this latter judgment the present appeal was taken.

From an examination of the record we find that the notice of appeal to this Court was served by mail as appears from the oath of service which appears at the foot of the same and reads as follows:

*"Oath of service.*—I, Luis Vergne Ortiz, under oath declare: That I am of legal age, married, attorney-at-law, of this city; that I am the attorney for plaintiff in this case; that on this date I have deposited in the post-office of this city a sealed envelope, with postage duly paid, and addressed to .Francisco A. Salinas, who is the defendant in this case, to his home in the Bajada del Matadero, ward La Perla, city of San Juan, Puerto Rico.

"That the aforesaid envelope was duly certified, and that the corresponding postage was paid and a return receipt requested.

"That in the city of San Juan there exists a regular mail service, and that the office of the deponent and the residence of the defendant are situated in different places."

Section 320 of the Code of Civil Procedure prescribes that the service of a notice or the delivery of documents shall be made personally. Said service can be made by mail only when notifying a party whose residence is unknown or when the party making the service and the party to be served reside or have their offices in different places between which there is a regular mail service. Section 321 of the Code of Civil Procedure.

From the return (*supra*) it appears that the attorney for plaintiff-appellant, who made the service, as well as defendant-appellee, upon whom the attempt to serve was made, reside in the city of San Juan.

The attorney for appellant seems to understand the phrase "reside or have their offices in different places" of the English edition, paragraph 2 of Section 321, *"residieren o tuvieren sus oficinas en distintos puntos,"* as the Spanish edition reads, to include two different places or localities within the same city. Such an interpretation is erroneous.

In the case of *Gascón* v. *Álvarez,* 28 P.R.R. 336, plaintiff appealed to the district court from a judgment rendered against her by the municipal court. From the service of notice it appeared that the attorney for plaintiff, as well as defendant, resided in the city of San Juan, the latter in the ward Puerta de Tierra. The notice of appeal was served by mail and on the return it was stated "that between the city of San Juan and the ward Puerta de Tierra there exists a regular daily mail service," and this Court interpreting the phrase "different places" aforesaid, by its Associate Justice Mr. Hutchison said as follows:

"Section 320 of the Code of Civil Procedure provides as an alternative to personal service upon a party 'if his residence be not known, by putting the same enclosed in an envelope, into the post office, directed to such party by registered mail.'

"Section 321 provides for service by mail, 'where the person making the service, and the person on whom it is to be made reside, or have their offices in different places, between which there is a regular communication by mail.'

"Apparently the service attempted herein was upon the theory that persons dwelling in different wards of the same municipality reside 'in different places' within the meaning of this statute, but we cannot concur in this view of the matter. Personal service is the general rule and when possible the best practice. The scope of the statutory provisions for substituted service in the interest of convenience where the parties or attorneys live or have their offices in different places should not be extended by judicial interpretation. If 'different places' may be construed to mean different wards of the same municipality they might with equal reason be held to include different buildings within the same block, and the exception would soon become the rule. Obviously the Legislature did not intend to introduce such uncertainty, confusion and injustice as would follow any loose construction of the language used or laxity in conforming the practice to the requirements prescribed.

"Attorneys who resort to the exceptional method must see to it that the record discloses all the circumstances justifying such action and that the procedure provided by law has been strictly followed. *Quintero* v. *Morales*, 19 P.R.R. 1120; *Tettamauzi* v. *Zeno*, 24 P.R.R. 49; *Rivera* v. *Martínez*, 26 P.R.R. 127; *Heinlen* v. *Heilborn*, 94 Cal. 646; *Hogs' Back Company* v. *New Basil Company*, 63 Cal. 121; *Cunningham* v. *Warnekey*, 61 Cal. 507; *Reed* v. *Allison*, idem 461; *Moore* v. *Besse*, 31 Cal. 180." (*Gascón* v. *Alvarez*, 28 P.R.R. 336, 337.) See also *Asencio* v. *Rodríguez*, 49 P.R.R. _____.

■ That a valid notice of appeal is a jurisdictional requirement was also decided by this Court by its then Associate Justice Del Toro, in the case of *Quintero* v. *Morales*, 19 P.R.R. 1120. In said case, the attorneys for both parties had their offices in San Juan and notwithstanding this, the notice of appeal was served by mail. Dismissing the appeal on motion of the appellee, the following was said:

"The law establishes, then, in an unmistakable manner, the necessity for serving the notice of appeal on the adverse party—a jurisdictional requisite—and the manner in which the notice should be served. In construing section 3711 of the Idaho Code, which is

similar to section 320 of our Code of Civil Procedure above quoted, the Supreme Court of the said State in the case of *Warner* v. *Teachenor,* 2 Idaho 38, 39, expressed itself as follows:

" 'This section provides for constructive service instead of personal service and it being in opposition to the common law, which required personal service, the statute must be construed strictly.'

" . . . . . . . . . .

"Our starting point is, then, that the defendant's attorney resides and resided in this same city of San Juan where the plaintiffs'' attorney who served the notice resides and in the district court of' which the action was brought. This being so we must conclude that. the appellants had no authority to serve the notice on the respond-' ent's attorney by mail, but should have served the same personally or in one of the other ways prescribed by section 320 of the Code, of Civil Procedure."

In the cases cited the appeal was dismissed on motion of the appellee. In this case the appellee has not made any appearance before this Court, but as the case involves a question of want of jurisdiction, not over the parties, but over the subject matter, neither the silence nor the consent of the parties can confer jurisdiction, and therefore the court *motu proprio* should raise the question and refrain from entertaining the case. 10 R. C. L. 1039; *Hoehamer* v. *Elmwood Park,* 102 A. L. R. 196, 199.

For the foregoing reasons the appeal should be dismissed for want of jurisdiction.

Mr. Chief Justice Del Toro took no part in the decision of this case.