(December 13, 1906.)

FRANK BUCKLE, Appellant, v. WM. McCONAGHY, Respondent.

[88 Pac. 900.]

MOTION FOR NEW TRIAL—STIPULATION WAIVING NOTICE—ORDER GRANTING NEW TRIAL—GROUNDS ON WHICH GRANTED—CONFLICT OF EVIDENCE.

1. Where the attorneys for the respective parties have signed a stipulation waiving notice of the time and place of hearing and passing upon a motion for a new trial, the trial judge will be justified in hearing and passing on the same without notice to the adverse party.

2. Where the trial court grants a new trial without designating the grounds upon which the order is based and an appeal is prosecuted from such order, the appellate court will only examine the assignments of error made in the lower court and the grounds of the motion for a new trial to the extent of ascertaining whether or not the order can be sustained on any ground named in the motion and assignments and specifications of error.

3. Where there is a substantial conflict in the evidence, and the trial judge who heard the case grants a new trial, the order will not be disturbed on appeal.

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District for Kootenai County. Hon. Ralph T. Morgan, Judge.

Judgment for plaintiff. Defendant moved for a new trial and his motion was granted. Plaintiff appealed from the order granting a new trial. *Affirmed.*

C. L. Heitman, for Appellant.

The district judge should at least have made some inquiry or given some notice to appellant's attorney of the fact that he was considering a second motion for a new trial in the cause.

The adverse party is entitled to notice of the time and place of the hearing for a new trial, and to be present at the hearing and present his side of the case. (*Peter v. Kalez,* 11 Idaho, 553, 83 Pac. 526; 37 Century Digest, "New Trial," sec. 314, and cases cited.) The motion or application must be made by the moving party, and there must be a "hearing." (Idaho Rev. Stats. sec. 4442; 1 Spelling on New Trial, sec. 378; *De Gaze v. Lynch,* 42 Cal. 363.)

"Owing to the statutory character of the jurisdiction, there is no such thing as a *pro forma* ruling on the motion." (1 Spelling on New Trial, sec. 378; *Ranney v. Railroad Co.,* 67 Vt. 594, 32 Atl. 810.)

Where a motion for a new trial is granted, the judge or the court should state the grounds upon which the motion is granted. (Hayne on New Trial, p. 499, sec. 167a.)

R. E. McFarland and Edwin McBee, for Respondent.

"On motion for a new trial or on appeal, every intendment is in favor of the judgment or ruling of a court of record. The party complaining must show error affirmatively." (*Hazard v. Cole,* 1 Idaho, 276.)

An order granting a new trial will not be reversed on appeal unless it is made to appear that it has been a manifest abuse of discretion in granting a new trial. (*Brossard v. Morgan,* 6 Idaho, 179, 56 Pac. 163; *Jacksha v. Gilbert,* 4 Idaho, 738, 44 Pac. 55; *Jones v. Campbell,* 11 Idaho, 353, 84 Pac. 510.)

It is not necessary, nor is the court required in granting a new trial, to incorporate in the order the grounds or reason therefor, and it is the established rule that where a new trial is granted, and the order states specifically the ground upon which it is made, and the appellate court finds that the ground or reason so stated is not sufficient, and the record discloses other grounds or reasons not stated in the order, entitling the mover to a new trial, such order will be affirmed. (*Piercy v. Piercy,* 149 Cal. 163, 86 Pac. 507; 1 Spelling on New Trial, 399.)

While the judge is compelled to submit the question of credibility to the jury because he cannot dispose of it as a matter of law, yet by submitting it to the jury he does not lose control over the verdict, nor become deprived of his rights, nor limited in his duty to set it aside upon any of the statutory grounds when such a course becomes necessary. (*Jacksha v. Gilbert,* 4 Idaho, 738, 44 Pac. 555; *Brossard v. Morgan,* 6 Idaho, 479, 56 Pac. 162.)

Where a case is tried by a jury, if the judge is not satisfied with the verdict and is convinced that it is clearly against the weight of evidence, it is his duty to set it aside, even though there may have been some conflict in the testimony. (*Dickey v. Davis,* 39 Cal. 565; *McLanahan v. Universal Ins. Co.,* 1 Pet. 170, 7 L. ed. 98; *Stevens v. Irwin,* 15 Cal. 503.)

"The rule that where there is a substantial conflict in the evidence the supreme court will not grant a new trial because the verdict is against the weight of evidence, does not apply to the court below in which the trial was had. There, if the judge is satisfied that the verdict is against the weight of evidence, he should grant a new trial, even if there is a conflict in the evidence." (*Jones v. Campbell,* 11 Idaho, 353, 84 Pac. 510; *Sherman v. Mitchell,* 46 Cal. 577; *Gerold v.*

*Brunswick*, 67 Cal. 124, 7 Pac. 306; *Pico v. Cohn*, 67 Cal. 258, 7 Pac. 680.)

AILSHIE, J.—This case has been here once before on appeal (83 Pac. 525) and was reversed on the grounds that a new trial had been granted prior to the settlement and allowance of the statement that was used on such motion. After the *remittitur* went down the trial judge took up the motion for a new trial and granted the same, and the plaintiff has again appealed from the order. As will be seen from an examination of the former opinion of this court, the respective counsel had entered into a stipulation prior to settlement of the statement, whereby they each waived notice of the time and place of submission of motion for new trial and also the right to make an argument on such motion. After the case was reversed and remanded the trial court took up the motion for a new trial and considered and passed upon it without causing any further notice to be given to plaintiff's attorney. Appellant complains of this action, and insists that he should have had notice, and in support thereof cites *Peter v. Kalez*, 11 Idaho, 553, 83 Pac. 526, where this court said: ''The adverse party is entitled to notice of time and place of the hearing on a motion for a new trial and to be present at the hearing and present his side of the case.'' This latter opinion states the rule of practice as established in this state, and, but for the stipulation entered into by counsel in the case at bar, he would have been entitled to the statutory notice and an opportunity to be heard on the motion. The stipulation, however, was still in force, and so long as it remained in force and effect the trial court had a right to treat it as a waiver on the part of plaintiff's counsel of the right to notice and a hearing thereon. Had plaintiff desired to be heard on the motion when it came up the second time after the case had been reversed on appeal, he might have given notice to the adverse party of his intention to avoid that stipulation and have filed proof thereof with the clerk of the court, and he would have thereafter undoubtedly been entitled to notice as though no stipulation had been entered into.

The motion for a new trial in this case was made on assignments of fifty-five errors as having been committed in the admission and rejection of evidence, and giving and refusing instructions to the jury, and on four specifications of insufficiency of the evidence to support the verdict and judgment. The court granted the motion and ordered a new trial without designating upon what grounds he made the order. In such case it will be presumed as a matter of course that it was made on some one or all of the grounds specified in the motion. (*Powell v. Springston Lumber Co., ante,* p. 723, 88 Pac. 97.) Since this is an appeal from the order granting the motion, it is only necessary for us to ascertain whether or not the order can be sustained on any ground named in the motion and assignments and specifications of errors. It would be otherwise if this were an appeal from an order denying the motion. In that event it would become necessary for us to examine all the assignments and determine whether there was merit in any of them. We have examined the evidence in this case and are satisfied that the action of the trial court must be affirmed. This was an action by a husband to recover damages from the defendant for the alienation of his wife's affections. The jury returned a verdict of $8,000, and judgment was entered in accordance therewith. Many facts and circumstances shown by plaintiff were admitted by defendant, but in explanation thereof he, on the contrary, proved that he had in the meanwhile married plaintiff's daughter, and that his frequent visits to plaintiff's home were in fact made for the purpose of seeing the daughter instead of her mother, and that the result of his frequency at the Buckle home was his marriage to their daughter. At any rate, it is conceded that the defendant is plaintiff's son in law, and the latter is charged with alienating his mother in law's affections. The plaintiff established the fact, however, that after defendant's visits became the usual order of things, his wife grew cold and cruel to him, and that it finally became impossible for him to live with her, and that he later obtained a divorce on the grounds of extreme cruelty. A further re-

cital of the evidence here can serve no useful purpose. It is sufficient to say that there is a substantial conflict, and the rule is, that where the evidence presents a substantial conflict, and the trial court, who saw and heard the witnesses and saw and heard all that was done and said in the case, has granted a new trial, his order will not be disturbed on appeal. (*Jones v. Campbell,* 11 Idaho, 353, 84 Pac. 510; *Jacksha v. Gilbert,* 4 Idaho, 738, 44 Pac. 555; *Brossard v. Morgan,* 6 Idaho, 479, 56 Pac. 162.) Likewise, where there is a substantial conflict, and the trial court has denied the motion for a new trial, his order will not be disturbed. The order granting a new trial must be affirmed, and it is so ordered. Costs are awarded to respondent.

Stockslager, C. J., and Sullivan, J., concur.