(November 3, 1909.)

## JOHN I. WOLFE and MARY WOLFE, Appellants, v. A. R. RIDLEY, Respondent.

### [104 Pac. 1014.]

New Trial—Discretion of Court—Conflicting Evidence—Imposing
Costs on Granting New Trial.

1. The granting of a new trial on the grounds of insufficiency of the evidence is addressed to the sound legal discretion of the trial court, and unless there be a clear abuse of such discretion the order will not be disturbed on appeal.

2. The rule in this state is that where the evidence submitted to the jury presents a substantial conflict and the trial court who saw and heard the witnesses and observed their demeanor and conduct, and saw and heard all that was said and done in the trial of the case, thereafter grants a new trial, his order will not be disturbed on appeal.

3. It would be in the interest of good practice and the dispatch of business if trial courts when making orders granting new trials would specify the particular grounds on which such orders are made.

4. Where a trial court grants a new trial it is within the sound discretion of the court as to whether or not he will require the party in whose favor the order is made to pay a part or all of the costs incurred upon the previous trial.

(Syllabus by the court.)

APPEAL from the District Court of the Eighth Judicial District, for the County of Bonner. Hon. W. W. Woods, Judge of the First District, Presiding.

Action by plaintiffs to recover damages. Judgment for plaintiffs, and defendant moved for a new trial and his motion was granted. Plaintiff appealed from the order granting a new trial. Order *affirmed.*

John A. Steinlein, for Appellants.

It is the province of this court to examine the record to ascertain if there is a sufficient conflict of the evidence to warrant the trial court in vacating the verdict of the jury and granting a new trial in the action. (*Lowe v. Long,*

5 Ida. 124, 47 Pac. 93.) Where a new trial is granted, and the order granting the same does not contain the reasons therefor, it is presumed to have been granted on the grounds that the verdict was against the weight of evidence, and it should be conditioned on the payment of the costs, and especially so where the verdict is not perverse. (*Godfrey v. Godfrey,* 127 Wis. 47, 106 N. W. 814; *Mills v. Conley,* 110 Wis. 525, 86 N. W. 203; *Garny v. Katz,* 86 Wis. 321, 56 N. W. 912; 7 Am. & Eng. Ann. Cases, 176, and notes.)

G. H. Martin, for Respondent.

An order granting a new trial will not be reversed on appeal unless it is made to appear that such order is a plain abuse of discretion on the part of the trial court. (*Jacksha v. Gilbert,* 4 Ida. 738, 44 Pac. 555; *Brossard v. Morgan,* 6 Ida. 179, 56 Pac. 163; *Jones v. Campbell,* 11 Ida. 752, 84 Pac. 510; *Sherman v. Mitchell,* 46 Cal. 577; *Pico v. Cohn,* 67 Cal. 258, 7 Pac. 680.)

It is held in the case of *Bernier v. Anderson,* 8 Ida. 684, 70 Pac. 1027, that the rule announced in the case of *Lowe v. Long,* 5 Ida. 124, 47 Pac. 93, is not applicable to the trial court when exercising its jurisdiction in passing upon motions for a new trial, and that the trial court is warranted in its discretion in granting a new trial on the ground of the insufficiency of the evidence, even where there is a conflict in the evidence. (See, also, *Jones v. Campbell,* 11 Ida. 752, 84 Pac. 510.)

Where the evidence presents a substantial conflict, and the trial court, who saw and heard the witnesses, and saw and heard all that was done and said in the case, has granted a new trial, its order will not be disturbed on appeal. (*Buckle v. McConaghy,* 12 Ida. 737, 88 Pac. 100, and cases cited; *Domico v. Cassassa,* 101 Cal. 411, 35 Pac. 1024; *Dickey v. Davis,* 39 Cal. 569; *Sherman v. Mitchell,* 46 Cal. 577; *Irving v. Cunningham,* 58 Cal. 306.) In granting a new trial the court is not required to specify the grounds upon which the order is made. (1 Spelling, New Trial, 399; *Piercy v. Piercy,* 149 Cal. 163, 86 Pac. 507.) The taxing of costs or the imposing of any other condition to

the granting of a new trial rests largely in the discretion of the trial court, unless regulated by statute or in cases where a new trial must be granted as a matter of right. (4 Enc. Pl. & Pr. 941; *Pierson v. Thompson*, 4 Kan. App. 173, 45 Pac. 944; *North Center Creek etc. Smelting Co. v. Eakins*, 23 Kan. 317; *Spore v. Leeper*, 27 Kan. 68; *Rice v. Gashirie*, 13 Cal. 54.)

AILSHIE, J.—This action was originally commenced in the district court of Bonner county, for the recovery of the sum of $1,298.50, damages as the value of certain property destroyed by fire. It was alleged that the defendant had carelessly and negligently started and kindled a fire in his woodland and allowed the same to spread to and upon plaintiff's premises and destroy their dwelling-house and other property. A verdict was rendered and a judgment entered in favor of the plaintiffs. Defendant thereafter moved for a new trial and his motion was granted by the court. Plaintiffs have appealed from the order granting a new trial.

The defendant in his motion for a new trial assigned and specified eighteen, errors, upon each and all of which he claimed he should be granted a new trial. The court made a general order granting the motion, and did not specify any particular ground on which a new trial was granted. All of these specifications and assignments of error have been argued by the respective counsel in this court. Under the rule announced in *Buckle v. McConaghy*, 12 Ida. 733, 88 Pac. 100, it is only necessary for us, in a case of this kind, to determine whether or not the trial court was justified in granting the motion for a new trial on any one of the grounds specified in the motion. If we find that any one of the assignments and specifications of error set out in the motion for a new trial was well taken, the order of the trial court must necessarily be affirmed.

Among the specifications is one to the effect that the evidence is insufficient to sustain the verdict of the jury in the particular respects set out in the specifications. We have examined the evidence in this case and while we agree with counsel for appellant that it is sufficient to support a verdict

and judgment, it is also apparent that there is a wide conflict between the witnesses for the respective parties, and we are not prepared to say that the trial court abused the discretion vested in him when he granted the respondent's motion. In *Buckle v. McConaghy, supra,* this court said:

"It is sufficient to say that there is a substantial conflict, and the rule is, that where the evidence presents a substantial conflict, and the trial court, who saw and heard the witnesses and saw and heard all that was done and said in the case, has granted a new trial, his order will not be disturbed on appeal."

And in support of that holding the court cited *Jones v. Campbell,* 11 Ida. 752, 84 Pac. 510; *Jacksha v. Gilbert,* 4 Ida. 738, 44 Pac. 550; *Brossard v. Morgan,* 6 Ida. 479, 56 Pac. 163. As we view this phase of the case, it is our duty to affirm the order made by the trial court upon this ground. The granting of a new trial on the grounds of insufficiency of the evidence is addressed to the sound legal discretion of the trial court, and unless there has been a clear abuse of such discretion the order will not be disturbed on appeal.

The other specifications of error are directed at the rulings of the court in the rejection and admission of evidence and in its instructions given to the jury. Having determined that a new trial has been properly granted, it would be entirely useless to consider the rulings of the trial court in these other respects. In the first place, we are not advised whether the trial court concluded that he had erred in his rulings on the trial of the case, nor are we advised as to the view of the court at the present time on these questions of law. Cases of this kind render exceedingly pertinent the observation that was made by this court in *State v. Barber,* 15 Ida. 99, 96 Pac. 116, wherein it was said:

"If the trial court, when granting a new trial, would specify the grounds upon which such new trial is granted, it no doubt would lighten the labors of respective counsel and of this court, and not require the court to examine matters which were not taken into consideration by the judge or trial court in determining the motion."

The grounds on which such orders are made ought always to be specified in the order.

Appellant complains of the action of the court in refusing to tax costs against defendant on granting a new trial. It is argued on behalf of appellant that where a new trial is granted, the court should tax the costs of the previous trial against the losing party as a condition precedent to granting his motion.

The authorities are not in harmony on this question, as may readily be seen from an examination of the note to *Godfrey v. Godfrey*, reported in 7 Am. & Eng. Ann. Cas. 176. California, Wisconsin and New York seem to have uniformly held that the allowance of costs as a condition precedent on granting a new trial is within the sound legal discretion of the court. As early as 1859, the supreme court of California, speaking on this subject through Mr. Justice Baldwin, said:

"The terms upon which a court will grant a new trial are peculiarly a matter within its discretion. This must necessarily be so, for so many reasons relating to the conduct, management, and peculiar circumstances of the trial may exist that it would be impossible to prescribe any general rules on the subject. If error at law intervenes, a party may take his exceptions and prosecute his appeal without motion for a new trial; but, if he makes his motion, and relies upon that for redress against an improper verdict, he must subject himself to the equitable power of the court. The verdict may have gone against him, in some degree or wholly, by his own neglect or default, or even the rulings of law be chargeable to his own laches or want of diligence. In such cases it may be proper to grant him a new trial, yet only upon equitable terms. We cannot interfere with this exercise of discretion unless upon a clear showing that it has been abused, or that the terms were grossly unreasonable."

This holding was specifically approved and affirmed in *Brooks v. San Francisco & N. P. Ry. Co.*, 110 Cal. 173, 42 Pac. 570. In the latter case the court said: "In the present case the motion for a new trial was based, among

others, upon the ground of the 'insufficiency of the evidence to justify the verdict.' This is a ground appealing peculiarly to the discretion of the trial court. And wherever the conditions are such that the court below is authorized in its discretion to impose terms as a condition to granting a new trial, this court will interfere only in those cases where it manifestly appears that there has been an abuse of such discretion." The court then proceeds to cite a number of California cases in which it says conditions of some kind have been imposed on granting a new trial.

Without going into a further consideration of the authorities, we are satisfied to follow the rule announced by the California court on this subject, and to hold that it is within the sound discretion of the trial court as to whether or not he will require the losing party to pay a part or all of the costs on granting a new trial.

We are also of the opinion that a case of this kind falls within the provision of sec. 4904 of our Rev. Codes. An examination of the statutes will disclose that by the provision of sec. 4901, Rev. Codes, costs are allowed to the plaintiff as a matter of course in all cases there enumerated; and that by the provision of sec. 4903, Rev. Codes, costs are allowed to the defendant as a matter of course in all cases enumerated by sec. 4901, wherein the defendant obtains a judgment. Then follows sec. 4904, which provides that, "in other actions than those mentioned in sec. 4901, costs may be allowed or not, and, if allowed, may be apportioned between the parties, on the same or adverse sides, in the discretion of the court."

Since the granting of a motion for a new trial does not fall within the purview of either sec. 4901 or 4903, we are inclined to the belief that it does fall within the purview of sec. 4904, and that the allowance of costs in such cases is within the discretion of the trial court.

The order granting a new trial is *affirmed,* with costs of this appeal in favor of *respondent.*

Sullivan, C. J., and Stewart, J., concur.