(September 7, 1911.)

## PENNINGER LATERAL CO., LTD., Respondent, v. A. D. CLARK, Appellant.

[117 Pac. 764.]

NEW TRIAL—GROUNDS OF MOTION FOR NEW TRIAL—CONFLICTING EVIDENCE.

(Syllabus by the court.)

1. Where there is a substantial conflict in the evidence, an order made by the trial court granting a new trial will not be disturbed on appeal.

2. Where motion for a new trial has been made on several grounds and the trial court grants the same without designating the ground upon which the order is made, the order will not be disturbed on appeal if it could have properly been granted on any ground mentioned in the motion.

APPEAL from the District Court of the Third Judicial District, in and for Ada County. Hon. Carl A. Davis, Judge.

Action to recover maintenance fees and charges for use of canal and laterals. Judgment for the defendant. Plaintiff moved for a new trial and the motion was granted and defendant appealed. *Affirmed.*

C. H. Edwards, and D. T. Miller, for Appellant, cite no authorities on points decided.

J. C. Johnston, for Respondent.

An order granting a new trial will not be disturbed in the absence of abuse of discretion. (*Jacksha v. Gilbert,* 4 Ida. 738, 44 Pac. 555; *Brossard v. Morgan,* 6 Ida. 479, 56 Pac. 163.)

Where there is a substantial conflict in the evidence, an order of the trial judge granting a new trial will not be disturbed on appeal. (*Buckle v. McConaghy,* 12 Ida. 734, 88 Pac. 100.)

Where the grounds on which the order is based are not stated, the supreme court will examine the assignments of error made in the lower court so far as to ascertain whether or not the order can be sustained on any ground named in such assignments. (*Buckle v. McConaghy,* 12 Ida. 733, 88 Pac. 100; *Bernier v. Anderson,* 8 Ida. 675, 70 Pac. 1027.)

AILSHIE, J.—This is an appeal from an order granting a new trial. The motion for a new trial seems to have been made on various grounds, and particular emphasis was laid on the insufficiency of the evidence to support the findings and judgment based thereon.

When we come to examine the evidence, we find it conflicting, and indeed, so far as we are able to get at the real facts which were necessary and essential to an intelligent determination of the issue involved, we find it ambiguous and uncertain. In this condition of the record, we would not be justified in disturbing an order granting a new trial. The rule is well established that where there is a substantial conflict in the evidence, an order of the trial judge granting a new trial will not be disturbed on appeal. (*Buckle v. McConaghy,* 12 Ida. 733, 88 Pac. 100; *Wolfe v. Ridley,* 17 Ida. 173, 104 Pac. 1014.)

The court in this case did not state the grounds upon which the motion was granted. It therefore follows that if any one of the grounds stated in the motion was good and sufficient upon which to grant a new trial, the order should be affirmed. (*Bernier v. Anderson,* 8 Ida. 675, 70 Pac. 1027; *Buckle v. McConaghy,* 12 Ida. 733, 88 Pac. 100.) It is proper here to again reiterate what we have often said heretofore, namely, that a trial judge ought always to state in his order granting a new trial the grounds on which the order is made.

A number of questions of law have been urged on this appeal, but it is wholly unnecessary to discuss or consider them here, as it is not at all likely that they will arise upon a new trial. We shall therefore refrain from any consideration of them.

The order and judgment from which this appeal is prosecuted is hereby affirmed. Costs awarded in favor of respondent.

Stewart, C. J., concurs.

Sullivan, J., did not sit at the hearing, and took no part in the decision.