(November 8, 1912.)

## MORRIS M. COX, Appellant, v. JOHN F. COX, Respondent.

[127 Pac. 679.]

New Trial—Order Granting or Refusing—Sound Discretion of Court—Conflicting Evidence.

(Syllabus by the court.)

1. The trial court in its order granting a new trial ought to specify the grounds upon which the new trial is granted.

2. Where there is a substantial conflict in the evidence and the trial court heard and saw the witnesses testify and observed their demeanor on the witness-stand, the action of the court in granting a new trial will not be disturbed on appeal.

3. The granting of a new trial is in the sound discretion of the trial court.

4. *Held,* that the court did not err in denying a nonsuit.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. John M. Flynn, Judge.

Action to recover one-half of a partnership account. Verdict and judgment for plaintiff and a new trial granted. Action of the trial court in granting a new trial affirmed.

McFarland & McFarland, for Appellant.

In an order granting a new trial, the trial court should specify the grounds upon which it is granted. (*Wolfe v. Ridley,* 17 Ida. 173, 104 Pac. 114, 20 Ann. Cas. 39; *State v. Barber,* 15 Ida. 96, 96 Pac. 116.)

Where the record does not show the grounds on which a new trial was granted and no error warranting a new trial is apparent from the record, the order granting a new trial will be reversed. (*Lowe v. Long,* 5 Ida. 122, 47 Pac. 93.)

Whitla & Nelson, for Respondent.

Where a motion for new trial is made upon insufficiency of the evidence, under such circumstances it is within the

legal discretion of the court to grant or refuse the same, and this court will not pass upon the same unless the record shows that there was clearly an abuse of this discretion. (*Wolfe v. Ridley,* 17 Ida. 173, 104 Pac. 1014, 20 Ann. Cas. 39; *Buckle v. McConaghy,* 12 Ida. 733, 88 Pac. 100; *Jones v. Campbell,* 11 Ida. 752, 84 Pac. 510.)

Under the rule as announced by this court, it would have been an abuse of discretion on the part of the court not to have granted the new trial. (*Idaho Merc. Co. v. Kalanquin,* 8 Ida. 101, 66 Pac. 933.)

SULLIVAN, J.—This action was brought to recover $350, alleged to be one-half of a partnership claim or demand collected by the defendant. As an offset to said claim the defendant alleges and sets up a number of counterclaims and prays for judgment against the plaintiff for the sum of $365.30. The cause was tried by the court with a jury and a verdict was rendered and judgment entered in favor of the plaintiff for the sum of $216.85. A motion for a new trial was granted, and it is from that order that this appeal is taken.

The only error specified is that the court erred in sustaining defendant's motion for a new trial. The notice of intention to move for a new trial is based on seven grounds, and the court in granting the new trial does not specify upon what ground the new trial was granted. This court has frequently held that in an order granting a new trial the court should specify the grounds upon which it is granted. (See *Wolfe v. Ridley,* 17 Ida. 173, 104 Pac. 1014, 20 Ann. Cas. 39; *State v. Barber,* 15 Ida. 96, 96 Pac. 116.)

If trial courts would follow that suggestion, it would save this court much labor.

The motion for a new trial was in fact based upon two grounds: First, the insufficiency of the evidence to justify the verdict, and, second, errors of law occurring on the trial.

1. As to the insufficiency of the evidence to justify the verdict, upon an examination of the record we find that there is substantial conflict in the evidence. The trial court who

saw and heard the witnesses testify and observed their demeanor on the witness-stand may grant a new trial even though there be a substantial conflict in the evidence, and unless it appears that there is an abuse of the discretion of the court, its action will not be reversed on appeal. (*Wolfe v. Ridley*, 17 Ida. 173, 104 Pac. 1014, 20 Ann. Cas. 39; *Buckle v. McConaghy*, 12 Ida. 733, 88 Pac. 100; *Jones v. Campbell*, 11 Ida. 752, 84 Pac. 510.)

2. Upon the question of errors of law occurring on the trial, the main assignment is that the court erred in refusing to grant a nonsuit. There is nothing in that contention, since we have above held that the court may grant a new trial when there is a substantial conflict in the evidence, and as there was some evidence in support of plaintiff's case, the court did not err in refusing to grant a nonsuit. Therefore, the order granting a new trial must be sustained, and it is so ordered. As a new trial must be had, we will not undertake to review the evidence in this opinion and comment upon it. Costs of this appeal are awarded to the respondent.

Stewart, C. J., and Ailshie, J., concur.