(No. 4968. September 21, 1928.)

M. E. TIDD, Appellant, v. NORTHERN PACIFIC RAIL-
WAY COMPANY, a Corporation, Respondent.

[270 Pac. 138.]

J. E. Gyde, for Appellant.

654

Carlton Fox and Cannon & McKevitt, for Respondent.

T. BAILEY LEE, J.—Suit for damages alleged to have been caused by defendant's negligent collision with plaintiff's automobile. Judgment for plaintiff. From an order granting defendant a new trial, plaintiff appeals. Insufficiency of the evidence was one of the numerous grounds specified in support of the motion, but the record does not disclose upon what ground the new trial was awarded. Respondent urges none other than insufficiencies of the evidence, in effect admitting the remaining grounds meritless.

At the outset appellant contends that *Lowe v. Long,* 5 Ida. 122, 47 Pac. 93, *Wood Livestock Co. v. Woodmansee,* 7 Ida. 250, 61 Pac. 1029, *Sweetzer v. Mellick,* 5 Ida. 783, 51 Pac. 985, and *Smith v. Wallace National Bank,* 27 Ida. 441, 150 Pac. 21, have established the rule that "where the record does not show the ground upon which a new trial was granted, and no error warranting a new trial is apparent from the record, the order granting the new trial will be reversed," emphasizing the portion thereof stating that "where the record does not show the ground upon which a new trial was granted . . . . the order granting the new trial will be reversed."

From an examination of these cases it is apparent that the material part of the rule was whether error appeared in the record warranting the granting of a new trial. This is clearly evident from the following language in *Smith v. Wallace National Bank, supra,* wherein the court said (p. 447) : "A careful examination of the record fails to disclose a single error committed during the course of the trial," and after discussing the essential questions in the case concludes that the trial court improperly granted the new trial. In other words, these cases indicate that the

merits of the controversy control and not whether error warranting the granting of a new trial was specified.

The properly allocated emphasis is stated in *Bernier v. Anderson,* 8 Ida. 675, 70 Pac. 1027. "The important thing is what the record shows" (i. e., as to error). In that case, insufficiency of the evidence was relied on, along with alleged misconduct of the jury and other grounds. The record did not show upon what particular ground the trial judge granted a new trial; and the court, after announcing, "we have, therefore, been required to examine the record to ascertain whether there is apparent on the face of the record error sufficient to warrant the court below in granting a new trial," proceeded to discuss and dismiss the errors denoted, and concluded that the court had properly granted the new trial upon the insufficiency of the evidence. While it did not appear that the evidence was substantially conflicting, it neither appeared that it was not so conflicting.

The granting of a new trial for insufficiency of the evidence is by no means a declaration that no conflict exists. If absence of such conflict were a prerequisite for the granting of a new trial, judges could seldom discharge their incumbent duty to grant one for insufficiency of the evidence, however convinced of perjury or miscarriage of justice. The rule of the last case has been repeatedly sustained during succeeding years, notably by *Buckle v. McConaghy,* 12 Ida. 733, 88 Pac. 100, *Wolfe v. Ridley,* 17. Ida. 173, 20 Ann. Cas. 39, 104 Pac. 1014, *Penninger Lateral Co., Ltd., v. Clark,* 20 Ida. 166, 117 Pac. 764, and *Cox v. Cox,* 22 Ida. 692, 127 Pac. 679.

The latest expression of the rule is found·in *Turner v. First National Bank,* 42 Ida. 597, 248 Pac. 14, as follows:

"An order granting a new trial will not be reversed on appeal if it can be justified upon any of the grounds upon which the motion was made."

Such a view is the logical concomitant of the universally accepted doctrine that, upon proper motion, a trial judge should, notwithstanding a substantial conflict in the testimony, grant a new trial if he is satisfied that the verdict

is against the weight of the evidence. And even though there be no conflict in the testimony, the probative force and effect of the evidence is ultimately for the determination of the trial court upon the hearing of a motion for a new trial. (*Meinberg v. Jordan,* 29 Cal. App. 760, 157 Pac. 1005.)

■ Where one of the specified grounds is insufficiency of the evidence, and a new trial is granted without denominating the basis therefor, the appellate court, in the presence of substantially conflicting evidence, will presume that the trial judge has discharged his duty under conviction that the verdict is not in accord with the great weight of the evidence and that the ends of justice would be subserved by vacating the same.

Order affirmed. Costs to respondent.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.

Petition for rehearing denied.