415 P.2d 693

Edith L. KELLEY, Plaintiff-Respondent,

v.

Glen LeRoy BRUCH, Defendant-Appellant.

No. 9731.

Supreme Court of Idaho.
June 21, 1966.

Merrill & Merrill, Pocatello, for appellant.

Gee, Hargraves & Armstrong, Pocatello, for respondent.

SPEAR, Justice.

This action was filed in the district court, Bannock County, by Edith and David Kelley to recover damages for the alleged wrongful death of the plaintiff wife's 14-year-old son, Robert Wesley Smith, result-

ing from a collision involving an automobile owned and operated by Glen LeRoy Bruch and a bicycle ridden by the Smith boy. The accident took place on June 22, 1963 on U. S. Highway 91–191 North, approximately 1½ miles west of the village of Inkom, between Inkom and Pocatello. The boy was riding his bicycle on the shoulder of the highway some 50 yards ahead of the car driven by Bruch when the bike veered out of control or the boy turned out into the roadway into the path of the approaching vehicle. The case went to the jury over the defendant Bruch's motions for nonsuit and directed verdict, and damages of $8,700.00 were awarded the boy's parents. (Note: Technically David Kelley was dropped as party plaintiff since in fact he had not legally adopted his wife's son and therefore was not, in law, entitled to bring this action for the wrongful death of his stepson.) Bruch appealed, and set out three assignments of error:

(1) The trial court erred in refusing to grant defendant's motion for directed verdict at the close of all the evidence.

(2) The trial court erred in applying the doctrine of last clear chance *in refusing to grant defendant's motion for directed verdict* at the close of all the evidence. (emphasis supplied)

(3) The submission of the case to the jury was against the law and was error.

The specifications of error thus enumerated present for decision the single question, whether plaintiff-respondent made a submissible case for the jury. Appellant claims that such was not the fact and that the trial court committed error in allowing the case to go to the jury because the deceased was contributorily negligent as a matter of law and recovery was precluded for the alleged negligence of Bruch. Further, the facts presented did not in the alternative warrant the submission of the case for the determination of the jury under the doctrine of last clear chance. The applicable rule states that where the plaintiff has made a submissible case on any theory actually submitted, there is no error in re-

fusing a motion for a directed verdict and the trial court's action in that respect will be upheld. Spokane International Ry. Co. v. U. S., 72 F.2d 440 (9th cir. 1934); Boone v. Richardson, 388 S.W.2d 68 (Mo.1965). See also 88 C.J.S. Trial § 235c, p. 541; Splinter v. City of Nampa, 74 Idaho 1, 256 P.2d 215 (dissenting opinion); Shaffer v. Adams, 85 Idaho 258, 378 P.2d 816. Respondent in this action rested her case both upon the primary negligence of the appellant and appellant's further negligence in failing to avoid the accident when he had in fact the last clear chance to do so. For reasons hereinafter explained we hold that the deceased was not as a matter of law contributorily negligent and that the case, therefore, could have been properly submitted to the jury upon the primary negligence of the appellant and the alleged contributory negligence of the deceased. No error was thus committed in refusing appellant's motion for directed verdict at the close of the evidence.

The issue before the court in Boone v. Richardson, supra, was precisely the same as now presented for decision here. The contention there also was made that the plaintiff had made no submissible case for the jury, and therefore it was error to refuse defendant's motion for directed verdict. The court noted that the plaintiff had submitted her case both upon primary negligence and the last clear chance doctrine, and concluded that had plaintiff made a submissible case on any theory actually submitted there was no error in refusing defendant's motion for a directed verdict. The contention that plaintiff was guilty of negligence contributing to her injury as a matter of law was then rejected and the court held that no error had been committed since plaintiff had made a submissible case for the jury on the ground of defendant's primary negligence. The reasoning followed in Boone v. Richardson is equally applicable here, and we conclude that the theory upon which appellant predicates this appeal is wholly without merit.

The collision took place on a straight stretch of highway between Inkom and

Pocatello on June 22, 1963 at about 11:20 a. m., approximately 1½ miles west of Inkom. The highway, U. S. Highway 91–191 North, was a two-lane highway, one lane in each direction, and approximately 24 feet total width. The road surface was good and the weather was clear and sunshiny. The straight section of the road extended for about a mile and vision was clear for that distance. Defendant was driving a 1956 four-door Chevrolet sedan and was headed toward Pocatello with family and friends to attend a church reunion. The car was in good condition and had been safety checked in April, 1963. The brakes had been relined at that time, two months before the accident, and the steering mechanism was properly functioning.

Defendant Bruch first saw the Smith boy from a distance of about 300 yards *and the boy was thereafter continually in the vision of the defendant.* The boy was traveling in the same direction ahead of defendant on the shoulder (a strip of gravel, sand and dirt about 4 feet wide) of the highway. When Bruch first saw the boy he slowed down from 60 to 55 m. p. h. and let his foot off the accelerator as he neared the boy, but did not then apply his brakes. No warning of the car's approach was given at this point nor was any warning ever given. No cars were approaching from the opposite direction; only one car was following defendant and it was about 300 yards behind defendant, yet defendant did not move to the left. Bruch testified the boy did not appear to be in any difficulty and was not having trouble controlling his bike. When the car was approximately 50 yards in back of the boy, the defendant testified, the boy turned, abruptly and without looking, into the highway at an almost right angle some 6 feet onto the pavement across the path of the car about the center of the right hand lane. Bruch testified he slammed on his brakes and pushed the brake pedal as far as it would go and started to swerve left. The right fender of defendant's car collided with the front of the bicycle. It is Bruch's claim that his car had been proceeding up

the highway in the left hand portion of the right lane, that sufficient right of way was allowed in the attempt to pass the boy riding along the shoulder, and that the impact occurred near the center of the right lane when the car was actually astraddle the center line of the highway.

This latter testimony is however substantially contradicted by a Mrs. Haynes, the single disinterested witness. Mrs. Haynes was following the Bruch car at about 300 yards. She did not see the boy until the car was almost even with him. Her testimony was that the boy appeared then to be having difficulty controlling his bicycle, that the bicycle was swerving, and that the defendant Bruch was almost even with the boy when the bicycle turned onto the pavement. Mrs. Haynes further testified that the defendant's automobile was near the right hand edge of the highway pavement and close enough to the edge of the pavement so that just a right angle turn of the front wheel of the bicycle caused the car to strike the bike. Additionally she testified she saw no sudden leftward movement of Bruch's car and was not aware of any slackening of speed by the defendant.

A recently made gouge mark, apparently made by the bicycle after collision, was later found near the center of the right lane in the area of impact, but an exact determination of the point of impact was impossible and in this respect the gouge mark was inconclusive. Skid marks left by the Bruch car were hardly distinguishable.

Where the action of a trial court in refusing to direct a verdict for the defendant is assigned as error, the evidence on appeal must be viewed in the light most favorable to the plaintiff. United States v. Albano, 63 F.2d 677 (9th cir. 1933); United States v. Hansen, 70 F.2d 230 (9th cir. 1934), cert. denied Hansen v. United States, 293 U.S. 604, 55 S.Ct. 119, 79 L.Ed. 695 (1934); Ojus Mining Co. v. Manufacturers Trust Co., 82 F.2d 74 (9th cir. 1936); Southern Bell Telephone & Telegraph Co. v. Linder, 181 So.2d 697 (Fla.App.1966). See also Manion v. Waybright, 59 Idaho 643,

**54**

86 P.2d 181; Hobbs v. Union Pac. R. Co., 62 Idaho 58, 108 P.2d 841; Stearns v. Graves, 62 Idaho 312, 111 P.2d 882; Carson v. Talbot, 64 Idaho 198, 129 P.2d 901; Bogovich v. Capitol Silver-Lead Min. Co., 71 Idaho 1, 224 P.2d 1078; Hayward v. Yost, 72 Idaho 415, 242 P.2d 971; Anderson v. Blackfoot Livestock Commission Co., 85 Idaho 64, 375 P.2d 704; Foster v. Thomas, 85 Idaho 565, 382 P.2d 792.

The reasonable inference that may be drawn from the evidence most favorable to plaintiff is that the Bruch car, without appreciably slowing down or giving audible warning of its approach, was crowding the right edge of the pavement when the Smith boy lost control of his bicycle and that the right fender of the car hit the front portion of the bicycle at a point somewhere between 1 and 2 feet from the edge of the pavement as the bike veered off the shoulder of the road onto the paved portion of the highway. Given this plausible interpretation of the conflicting testimony adduced at trial, we cannot say that, *as a matter of law*, the boy was guilty of a failure to exercise that degree of ordinary care required for his own protection and that such failure was, at any event, a proximate cause of the fatal injury sustained. Rippetoe v. Feely, 20 Idaho 619, 119 P. 465; Maier v. Minidoka County Motor Co., 61 Idaho 642, 105 P.2d 1076; Stowers v. Union Pac. R. Co., 72 Idaho 87, 237 P.2d 1041.

Negligence and contributory negligence are not easily separated with precision and contributory negligence ordinarily cannot be determined without reference to the primary negligence of the defendant. See Gaines v. Northern Pac. Ry. Co., 62 Wash.2d 45, 380 P.2d 863 (1963). Under the laws of this state every person riding a bicycle upon a roadway is granted all the rights and subjected to all the duties applicable to the driver of a vehicle except as otherwise specifically provided. The Smith boy was entitled to use the right lane of the roadway by riding as near to the right side as practicable and consequently Bruch, in passing the boy, was under the duty to pass to the left at a safe distance and give audible warning when reasonably necessary. I.C. §§ 49-710, 49-740, 49-743, 49-834; Maier v. Minidoka County Motor Co., supra. Under the evidence elicited at trial and most favorable to plaintiff the jury might well have concluded that Bruch wholly neglected to take those simple precautions which law required and common sense demanded. The fact that the boy, though responsible for the exercise of such care and vigilance as reasonably might be expected of one of his age, intelligence and experience (Laidlaw v. Barker, 78 Idaho 67, 297 P.2d 287), veered off the shoulder onto the pavement into the path of an approaching automobile would not thereby preclude recovery unless it was shown that such contributed proximately to his death. This is most usually a question of fact for the jury and becomes one of law only when the evidence introduced is susceptible of no other interpretation than that the conduct of the injured party was a factor contributing proximately to that injury. Donovan v. Boise City, 31 Idaho 324, 171 P. 670; Bell v. Carlson, 75 Idaho 193, 270 P.2d 420; Laidlaw v. Barker, 78 Idaho 67, 297 P.2d 287; Williams v. Collett, 80 Idaho 462, 332 P.2d 1032; Eckman v. Jones, 85 Idaho 10, 375 P.2d 180; Deshazer v. Tompkins, 89 Idaho 347, 404 P.2d 604. Where reasonable minds might differ, contributory negligence, like negligence, is properly a question for jury determination. Jackman v. Hamersley, 72 Idaho 301, 240 P.2d 829; Hayward v. Yost, 72 Idaho 415, 242 P.2d 971; Benson v. Brady, 73 Idaho 553, 255 P.2d 710; Rosevear v. Rees, 77 Idaho 270, 291 P.2d 856; Hubble v. Record, 80 Idaho 403, 331 P.2d 270; Foster v. Thomas, 85 Idaho 565, 382 P.2d 792. After viewing the record carefully we conclude that contributory negligence was not established as a matter of law, and the case correctly was submitted to the jury.

Morrison v. Hawkeye Casualty Co., 168 Kan. 303, 212 P.2d 633 (1949), involved an

action by parents to recover damages for the wrongful death of their nine year old son killed while riding a bicycle on the shoulder of a road at a time when the boy was being overtaken and passed by a truck insured by defendant-appellant. In overtaking and attempting to pass the boy the driver of the truck had a clear and unobstructed view for a distance of several hundred feet. The evidence as to what happened thereafter was in conflict, but the court found evidence to the effect that the truck proceeded straight down the highway, without turning out, and attempted to pass the boy still on the shoulder of the road with a clearance of not more than 3 to 3½ feet. As the truck attempted to pass, the evidence suggested the boy hit a rough spot on the shoulder and fell from his bicycle toward the truck. The court held that the driver of the truck could see and was bound to know the hazards incurred in approaching a boy riding his bicycle on the shoulder of the road. It was the driver's duty, the court added, to pass the boy to the left at a safe distance and further noted that under applicable state law persons riding bicycles had the same protection as other persons in vehicles on the highway. The court then sustained the special finding of the jury that the defendant driver was negligent in failing to yield enough right of way. The jury further had found that the boy rode and managed his bicycle at the place and time of his injury in a careful and prudent manner with due regard to his safety and was not contributorily negligent, and this finding the court also upheld. Therefore on facts strikingly similar to the facts presented most favorably in plaintiff's behalf in the case at bar, that court concluded a boy thrown from his bicycle into a passing vehicle when the bicycle hit a rough spot on the shoulder of the road was not guilty of negligence proximately contributing to his injury where the vehicle failed to yield enough right of way. Johnson v. Northern Pacific Railway Co., 404 P.2d 444 (Wash.1965), is additional support for our conclusion that the case at bar was properly given the jury on the issue of defendant's primary negligence. The well considered dissenting opinion written by Justice Finley is especially helpful in putting in proper perspective the conflicting facts presented for decision in this case. See also Bennett v. Deaton, 57 Idaho 752, 68 P.2d 895; Maier v. Minidoka County Motor Co., supra.

Judgment for respondent is affirmed. Costs to respondent.

McFADDEN, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.