460 P.2d 402

Laverne DESHAZER, Plaintiff-Appellant and Cross-Respondent,

v.

Rusty TOMPKINS and Homer Rhett, d/b/a T. & R Lazy G Ranch, Defendants-Respondents and Cross-Appellants.

No. 10205.

Supreme Court of Idaho.

Oct. 20, 1969.

James W. Givens, Lewiston, for appellant.

Robert P. Brown, Lewiston, for respondents.

McFADDEN, Chief Justice.

Laverne Deshazer, the plaintiff-appellant and cross-respondent was employed as an irrigator and cattle feeder by Rusty Tompkins and Homer Rhett (defendants-respondents, and cross-appellants) on their ranch about half-way between Riggins and Whitebird, Idaho. On May 3, 1962, while operating a sprinkler system on the ranch, appellant's arm became caught in the chain drive mechanism of a self propelled sprinkler and was severely damaged. After a long period of medical treatment and hospitalization, the arm was saved and appellant has recovered a partial use thereof. This cause was previously considered by this court when an appeal was taken from a summary judgment granted in favor of the respondents. The summary judgment was reversed and the cause remanded for further proceedings. Deshazer v. Tompkins, 89 Idaho 347, 404 P.2d 604 (1965).

The cause was tried before a jury, which returned a verdict of $29,417.15 in favor of the appellant. Respondents moved for judgment notwithstanding the verdict, which was denied. Judgment was entered for the appellant on the verdict, and respondents filed their motion for new trial, which motion the trial court granted. Appellants appealed from the order granting a new trial and the respondents cross-appealed from the order denying their motion for judgment notwithstanding the verdict.

The cross-appeal will first be considered, inasmuch as if that order were reversed, issues presented by the appellant's appeal would become moot.

The respondents contend in their cross appeal that the trial court erred in denying their motion for judgment notwithstanding the verdict.

This court has consistently held that a judgment notwithstanding the verdict should be granted only in the absence of evidence to support the verdict. Loosli v. Bollinger, 90 Idaho 464, 413 P.2d 684 (1966); Mabe v. State ex rel. Rich, 86 Idaho 254, 385 P.2d 401 (1963); Foster v. Thomas, 85 Idaho 565, 382 P.2d 792 (1963); Fawcett v. Irby, 92 Idaho 48, 436 P.2d 714 (1968).

During the trial of this case about the only undisputed facts were that appellant was employed by the respondents at the time of the accident, that he was severely injured by his arm being caught in the irrigation system drive mechanism, and that as a result he has suffered severe and per-

manent injury with resultant damage. Almost every other fact was in dispute and hotly contested between the parties. The respondents urge on their cross-appeal that the trial court erred in not granting their motion for judgment notwithstanding the verdict because they contend, the evidence establishes as a matter of law (1) that appellant assumed the risk of injury which he sustained and (2) that appellant was contributorily negligent.

The evidence presented at the trial, from respondents' point of view, indicates that the appellant was given a thorough explanation and instruction on the operation of this particular self-propelled irrigation system. He was told that the machinery was dangerous and that because of a tendency for the mechanism to tip over he should not attempt to operate it on a downhill slope unless he had the assistance of another workman or unless he had weights to hang on the machine to prevent it from tipping over. Testimony on behalf of the respondents also indicates that on the night prior to the accident there was a conversation between appellant and one of his employers and it was determined that it was necessary to use weights on the machine. The weights were at that time actually prepared for use by pouring concrete in buckets that could be hung upon the machinery. The respondents also testified that the buckets were available for use on the morning of the accident and that appellant should have used them or should have taken another workman with him to assist in changing the direction of the machine from uphill to downhill.

The appellant however denied and contradicted this testimony of the respondents. He testified that although the concrete had been poured in the buckets the evening before, it had not as yet hardened and therefore was not available for use. He further testified that he believed that he would have the assistance of another workman, but that the other workman had other duties to perform and did not accompany him in his operation of the irrigation equipment at the time of the accident.

It has been stated that the question of contributory negligence is ordinarily one for the jury and that it becomes a question of law only when the facts are undisputed and only one reasonable conclusion can be drawn from them. Deshazer v. Tompkins, supra; Otts v. Brough, 90 Idaho 124, 409 P.2d 95 (1965); Fawcett v. Irby, supra; Kelley v. Bruch, 91 Idaho 50, 415 P.2d 693 (1966). Likewise the defense of assumption of risk, which was raised by the respondent, generally presents a question of fact, and becomes a question of law only when there is no other reasonable interpretation of the evidence than that the injured party assumed the risk. Deshazer v. Tompkins, supra; Williams v. Collett, 80 Idaho 462, 332 P.2d 1032 (1958); Otts v. Brough, supra.

In the present case, as was pointed out in the earlier opinion dealing with the facts presented on the motion for summary judgment, Deshazer v. Tompkins, supra, there were several unresolved questions of fact relating to the issue of assumption of risk,

"In order that the servant be held to have assumed a risk arising out of his employer's negligence it must be shown that the servant knew the facts and appreciated the danger. * * * Whether he [appellant] appreciated the danger from the unguarded chain and sprocket or that he subjected himself to danger in working on the side of the sprinkler where such driving mechanism was located, and whether he had been warned by the master not to work on that side of the sprinkler, were questions for the jury." 89 Idaho at 356–357, 404 P.2d at 608.

During the trial in the lower court, appellant admitted that he had been warned of and knew of the dangers of operating the sprinkler machinery while going downhill. The evidence, however, shows that two or three days earlier his employer, knowing of the lack of weights and unavailability of assistance from other employees, inquired of appellant whether he believed he could

accomplish the operation of the machinery downhill alone. Although somewhat hesitant, appellant attempted the task and was able at that time to make the change in direction on the sprinkler from uphill to downhill operation without incident. It cannot be said that as a matter of law a reasonable man having already attempted and accomplished the operation, as appellant did, of changing the direction of the sprinkler should not have attempted the operation a second time unaided by weights or other employees.

■ The evidence on the question of assumption of risk is not so clear as to require only one interpretation. Neither is the evidence so clear that it can be said appellant was contributorily negligent as a matter of law. The trial court did not err in its determination to deny respondents' motion for judgment notwithstanding the verdict.

■ Next to be considered is the appellant's appeal, he asserting that the trial court abused its discretion in granting respondents' motion for a new trial. The trial court granted the respondents' motion for a new trial on the grounds

(1) "That the evidence introduced at the trial of this case is insufficient to justify the verdict rendered by the jury in favor of the plaintiff.

(2) "That the verdict rendered by the jury is contrary to the law, the instructions given by the Court to the jury and the evidence produced at the trial."

It has been suggested that the trial court should express its reasons for granting a motion for new trial. McAllister v. Bardsley, 37 Idaho 220, 215 P. 852 (1923); MacDonald v. Ogan, 61 Idaho 553, 104 P. 2d 1106 (1940); Cox v. Cox, 22 Idaho 692, 127 P. 679 (1912); Wolfe v. Ridley, 17 Idaho 173, 104 P. 1014 (1909). None of these cases, however, require more than that the trial court express the *grounds* for granting a new trial, having reference to the eight grounds set forth in I.C. § 10–602. The cases do not require that the trial court specify its *reasons* for granting a new trial. The court in the present case did specify the grounds under I.C. § 10–602 which it relied upon in granting the new trial, and nothing more was required of it. Moreover, it should be noted that failure of the trial court to specify the grounds would not, in any event, be reversible error. In each of the cases cited the court failed to state the grounds for granting a new trial, yet this court affirmed, stating, for instance, in McAllister v. Bardsley, supra,

"The particular *ground* or *grounds* upon which the motion was granted are not stated in the court's order. As has been frequently said by this court, where a new trial is granted the trial court should set out in its order the particular *ground* or *grounds* upon which the new trial is granted; otherwise it becomes necessary to examine the entire record for the purpose of ascertaining *whether or not the order can be sustained on any ground, either specified in the motion or as disclosed by the entire record.* Buckle v. McConaghy, 12 Idaho 733, 88 Pac. 100; Lowe v. Long, 5 Idaho 122, 47 Pac. 93; Cox v. Cox, 22 Idaho 692, 127 Pac. 679; Sweetzer v. Mellick, 5 Idaho 783, 51 Pac. 985; Smith v. Wallace Nat. Bank, 27 Idaho 441, 150 Pac. 21. Much time and labor would be saved if this request was complied with." 37 Idaho at 224, 215 P. at 852 (Emphasis added.)

To the same effect are Penninger Lateral Co., Ltd. v. Clark, 20 Idaho 166, 117 P. 764 (1911); Riggs v. Smith, 52 Idaho 43, 11 P.2d 358 (1932); and Buckle v. McConaghy, 12 Idaho 733, 88 P. 100 (1906).

It is well settled that the trial court has a wide discretion in granting or refusing to grant a new trial and that this court will not interfere with its order unless it affirmatively appears that there was an abuse of discretion. Blaine v. Byers, 91 Idaho 665, 429 P.2d 397 (1967); Hall v. Johnson, 70 Idaho 190, 214 P.2d 467 (1950); Grimm v. Harper, 84 Idaho 220, 370 P.2d 197 (1962); Warren v. Eshelman,

88 Idaho 496, 401 P.2d 539 (1965). Numerous decisions of this court hold that the trial court may set aside a jury verdict and grant a new trial whenever it appears to the trial court that the verdict is contrary to the law or evidence. Rosenberg v. Toetly, 93 Idaho 135, 456 P.2d 779 (1969); Warren v. Eshelman, supra; Grimm v. Harper, supra; Buster v. Fletcher, 22 Idaho 172, 125 P. 226 (1912). Indeed, it has not only been held that the trial court *may* set aside a verdict which is contrary to the evidence, but that there is a positive *duty* upon the trial court to do so. In Buster v. Fletcher, supra, this court stated that

"From many records presented to this court upon appeals from motions for a new trial there appears a proneness on the part of the trial court not to pass upon the case, even though it appears to the trial court that substantial justice has not been done, and to pass the case up to this court for decision, and to overlook the fact that this court can give no relief where there is substantial evidence to support the verdict.

"Where there is direct conflict in the evidence the trial court ought always to grant a new trial, if it is clearly of the opinion that substantial justice has not been reached by the verdict of the jury, and not shirk the responsibility imposed by the statute to grant a new trial, where there is a conflict in the evidence, although that court is of the opinion that substantial justice has not been done, and not pass the matter up to this court where no relief can be given in such a case." 22 Idaho at 182–183, 125 P. at 230.

■ As noted in Buster v. Fletcher, supra, this court can give no relief when there is substantial competent, although conflicting, evidence to support the jury's verdict. Skaggs Drug Centers, Inc. v. City of Idaho Falls, 90 Idaho 1, 407 P.2d 695 (1965); Byington v. Clover Club Potato & Produce Co., 91 Idaho 165, 418 P.2d 206 (1966); Dawson v. Eldredge, 84 Idaho 331, 372 P.2d 414 (1962). This same rule

does not apply, however, to a trial court in ruling upon a motion for new trial (Blaine v. Byers, supra; Grimm v. Harper, supra; Warren v. Eshelman, supra); consequently, the trial court, unlike this court, is in a position to grant relief when, even though a verdict is supported by substantial evidence, it appears to the trial court that the verdict is contrary to the evidence as a whole or fails to render substantial justice. The test of the propriety of the court's action in such a case is whether it clearly or manifestly abused its discretion, and in the absence of such abuse this court will not reverse that determination. Blaine v. Byers, supra; Hall v. Johnson, supra; Grimm v. Harper, supra. Even though a verdict is supported by some evidence, then, this court should determine whether there is also evidence to support the trial court's view of the case for if there is, it cannot be said that the trial court abused its discretion in granting a new trial. See Rosenberg v. Toetly, supra.

■ In the present case there is such a serious conflict in the evidence that the record could be considered as sufficient to support a judgment for either party. Under such circumstances this court cannot say that the trial judge, who saw and heard the witnesses testify, abused his discretion in ordering a new trial. Having seen and heard the witnesses testify, the trial judge was in a better position than this court, which has before it only a cold transcript, to judge the credibility of the witnesses and weigh their testimony. Rosenberg v. Toetly, supra. What appears on the face of a written record before this court to be credible and persuasive evidence might be neither credible nor persuasive to the trial judge who is in a position to assess the entire record in light of the credibility and demeanor of the trial witnesses. In Warren v. Eshelman, supra, this court stated the reasons for granting discretion and authority to the trial court in ruling on a motion for new trial:

"When a trial court is of the opinion that a verdict, based on conflicting evi-

dence, or even where there is no conflict, is not in accord with law or justice, he may grant a new trial. Grimm v. Harper, 84 Idaho 220, 370 P.2d 197. The reasons for such rule are recognized as being, (1) that the trial court, from seeing and hearing the witness, may have formed such a doubt as to the credibility of the testimony, or entertained such an impression from the surrounding circumstances and atmosphere of the trial, as to conclude that a fair and impartial trial was not had; and (2) that the exercise of such power is not an invasion of the jury's function to decide the facts, for upon granting a new trial the questions of fact will again be submitted to the jury for a decision. Mooney v. Carter; (1945) 114 Colo. 267, 160 P.2d 390." 88 Idaho at 500, 401 P.2d at 541.

It is our opinion that these reasons are fully applicable in the present case and that since there is substantial evidence to support the trial court's view of the case, it was not an abuse of discretion to grant a new trial. The orders of the district court are therefore affirmed. Costs to respondent.

DONALDSON and SPEAR, JJ., concur.

SHEPARD, Justice (dissenting).

Dissent is a part of the American scene, but its exercise on the appellate court level ordinarily occurs only when a Justice's sense of outrage overcomes his sense of inertia.

If plaintiff had been in almost any other type of employment, he would have had available remedies under workmen's compensation law. Since his employment was agricultural in nature, he must litigate under the old doctrines of negligence, contributory negligence, assumption of risk, etc.

Seven and a half years ago plaintiff's arm was severed in an accident while he was working for defendants. Since that time he has gone through a trial and two appeals to this Court attempting to recover damages. The jury at trial awarded plaintiff a verdict of $29,417.15, but under the ruling of the trial court, which is sustained by the majority opinion here, he must again go to trial and probably appear again in this Court. I believe this case illustrates one of the deficiencies a litigant occasionally encounters in our system of "justice" and also an anachronism in our so-called jury system.

Shortly after the litigation was initiated a motion for summary judgment was filed by defendant. The motion was granted by the trial court, a judgment of dismissal entered, and an appeal taken to this Court. That opinion is reported as Deshazer v. Tompkins, 89 Idaho 347, 404 P.2d 604 (1965). The decision reviewed all of the issues presented, including negligence, contributory negligence, failure of the employer to furnish safeguards on machinery, assumption of the risk, knowledge of special risk and exceptions thereto, time within which employer should repair defects in machinery and promises of employer to repair as excusing otherwise contributory negligence and assumption of the risk. That earlier opinion of this Court correctly concluded that such questions become questions of law only when the facts are undisputed and the only reasonable view of them is that the conduct of the injured party contributed to his injury and that he did not act as a reasonably prudent person would have acted under the circumstances. See also Foster v. Thomas, 85 Idaho 565, 382 P.2d 792 (1963); Otts v. Brough, 90 Idaho 124, 409 P.2d 95 (1965); and Fawcett v. Irby, 92 Idaho 48, 436 P.2d 714 (1968). The decision then remanded the cause for trial on the merits.

At trial, and as stated by the majority opinion, almost every issue was hotly disputed and controverted. The only view that can be gained from the record is that a verdict for either the plaintiff or defendants would be sustained by the evidence. This conclusion is supported by the action of the trial court when it denied the mo-

tion of defendants for a judgment n. o. v. That action of the trial court is affirmed by the majority opinion and I concur therein.

Defendants moved for a new trial which was granted by the trial court. That action is affirmed by the majority opinion and I respectfully dissent therefrom. The trial court in granting a new trial stated only:

"1. That the evidence introduced at the trial of this case is insufficient to justify the verdict * * *.

"2. That the verdict rendered by the jury is contrary to the law, the instructions given by the Court to the jury and the evidence produced at the trial."

The majority opinion states:

"In the present case there is such a serious conflict in the evidence that the record could be considered as sufficient to support a judgment for either party."

I contend, and the majority opinion agrees, that the trial court was clearly erroneous in his conclusion that the evidence was insufficient to justify the verdict. The majority opinion, however, states that we must sustain the action of the trial court although it was clearly erroneous. I suggest that such a result finds no support in either logic or common sense.

The trial court also tells us that the verdict is contrary to the instructions given to the jury by the court. It would serve no purpose to set out the instructions at length herein. They are voluminous and cover some 33 pages in the transcript. They deal with every aspect and issue of law and fact raised at the trial and in my judgment are substantially correct. Implicit throughout the instructions, as in any controverted case, is the theory that the case is to be decided by the jury in favor of either the plaintiff or the defendants. The court issued special instructions regarding the measure of damages to be applied if the jury found the plaintiff to be entitled to a verdict. Neither party complains of the sufficiency of the instructions

or points to all or any one of them as being erroneous. Thus, the trial court's statement that the verdict is contrary to the instructions is not sustained by the record and is erroneous.

The trial court lastly tells us that the verdict is contrary to the law and the evidence produced at trial. The earlier decision of this Court, the action of the trial court in ruling on the motion for judgment n. o. v., and the record itself militate against the trial court's conclusion that the verdict is contrary to the law. The majority opinion disposes of the trial court's conclusion that the verdict is contrary to the evidence produced at trial. There is then no conclusion but that the trial court committed error in granting a new trial. The majority opinion, however, states that such is not an abuse of discretion and that we must sustain the trial court in his order granting a new trial since a trial court may set aside a jury verdict if it fails to render substantial justice. This the majority opinion holds in spite of the admonition in National Produce Distributors, Inc. v. Grube, 78 Idaho 33, 297 P.2d 284 (1956); Sanchotena v. Tower Co., 74 Idaho 541, 264 P.2d 1021 (1953), and cases cited therein, that,

"If the court in the order granting a new trial expressly states the grounds upon which it is granted, this court on appeal will determine the appeal upon the issue of whether the particular ground stated would justify the granting of the motion."

We arrive finally at the real crux of this case which exemplifies a broader issue. What function does a trial judge perform after a jury has rendered a verdict on the basis of highly conflicting evidence which will support a verdict for either plaintiff or defendants? May the trial judge, as the majority states, in effect, reverse the action of the jury solely because of a "gut reaction" that the verdict did not render "substantial justice" or is "contrary to the evidence as a whole?" Or on the other

hand, is the jury truly the trier of the facts?

The case of Blaine v. Byers, 91 Idaho 665, 429 P.2d 397 (1967), cited by the majority opinion, involves the denial of a motion for new trial and an appeal from such denial. This Court has said many times in the past that a different standard is used in reviewing the granting of a motion for a new trial as contrasted with the reviewing of the denial of a motion for new trial. Grimm v. Harper, 84 Idaho 220, 370 P.2d 197 (1962); Say v. Hodgin, 20 Idaho 64, 116 P. 410 (1911); Hall v. Johnson, 70 Idaho 190, 214 P.2d 467 (1950); Warren v. Eshelman, 88 Idaho 496, 401 P.2d 539 (1965); and Rosenberg v. Toetly, 93 Idaho 135, 456 P.2d 779 (1969), all constitute a line of cases indicating that the trial judge is possessed of extremely broad discretion in acting as a thirteenth juror who was entitled to override the verdict of the other jurors if he conceives that justice has not been done.

On the other hand, the cases of Baldwin v. Ewing, 69 Idaho 176, 204 P.2d 430 (1949); National Produce Distributors v. Grube, 78 Idaho 33, 297 P.2d 284 (1956); Checketts v. Bowman, 70 Idaho 463, 220 P.2d 682 (1950), and the dissenting opinion in Sanchotena v. Tower Co., supra, all indicate that the jury is to determine the weight of the evidence, assign credibility or noncredibility to the testimony of witnesses, thereupon reach a verdict, and that the trial courts acting upon motions for new trials should not substitute their judgment for that of a jury. Indeed the trial court in the case at bar, in Instruction No. 28, told the jury:

> "What are facts and has been proved are wholly questions for the jury to decide.
>
> "* * *
>
> "The jury is the sole judge of the credibility of the witnesses and the weight of the evidence and of the facts which have been proved. It is your right to determine from the appearance of the witnesses on the stand, their manner of testifying, their apparent candor or honesty or the lack thereof, which witnesses are more worthy of credit and to give weight accordingly."

Such indeed is strange language in the light of the majority opinion.

A further dilemma facing a trial court in ruling on a motion for a new trial is the "substantial justice" language of the first line of cases hereinabove mentioned as contrasted with the language of I.C. § 10-602, which sets forth the grounds upon which a new trial may be granted. It is sufficient to say that nowhere in said statute is a trial judge authorized to grant a new trial on the basis that the verdict rendered is against the weight of the evidence or that substantial justice has not been accomplished.

We may conclude that in the instant case the trial court clearly erred in granting a new trial upon the basis or grounds stated in its order. The majority opinion, however, states that the decision of the trial court must be affirmed on the supposed ground that substantial justice has not been done. No statutory authority exists therefor. If we are to believe that the jury is the trier of facts in civil cases, the majority opinion is erroneous. The majority opinion states that no right is denied the plaintiff in this action since he will have another trial. I suggest that after seven and one-half years in litigation the plaintiff will see little value in that conclusion. If he retains enough stamina and faith in our system of justice, he will continue to litigate and may ultimately prevail. Perhaps more than anything else, this case demonstrates the great truth contained in that simple statement, "justice delayed is justice denied."

McQUADE, J., concurs herein.