332 P.2d 1032

**Cecil W. WILLIAMS, Plaintiff-Respondent,**

v.

**Alton C. COLLETT, Defendant-Appellant.**

No. 8664.

Supreme Court of Idaho.

Dec. 17, 1958.

F. W. Jarvis, Robert B. Dunlap, Caldwell, for respondent.

Gigray & Boyd, Caldwell, for appellant.

**464**

KEETON, Chief Justice.

This action was brought by plaintiff to recover alleged damages suffered on December 7, 1955, while employed by defendant as a laborer on defendant's farm. The duty of plaintiff at the time of the injury was to drive a John Deere tractor to pull a beet cart, place it in a shed and store it for the winter. The tractor then being used by plaintiff was equipped with a power take-off, which was customarily covered by a guard or metal shield. Under instructions of defendant, the guard or shield had been previously removed.

Plaintiff, while preparing to haul the beet cart for storage, stepped onto the tractor, slipped, caught his pants leg in the revolving power take-off and by reason thereof, his foot and leg were injured.

The complaint alleges that without the safety shield being in place the tractor was a dangerous instrumentality and liable to cause injury to any person operating it; that defendant knew of the absence of the safety shield and knew, or should have known, that plaintiff was likely to be injured; that the injuries suffered by plaintiff were directly caused by the careless and negligent acts of defendant in ordering and permitting the operation of the tractor and power take-off without the safety shield.

In an answer defendant denies negligence on his part, and as an affirmative defense alleges that plaintiff's own negligence and carelessness was the direct, sole and proximate cause of said injuries; that the risks and dangers at the time of the in-

jury were obvious and apparent, and the risk, if any, of receiving injuries was assumed by plaintiff.

On issues so framed, the matter was tried before a jury. The jury found for plaintiff in the sum of $2,000. Judgment was entered on the verdict; a motion for a new trial denied. Appeal was taken to this Court.

In specifications of error appellant contends that a motion for nonsuit, which was denied, should have been granted for the claimed reasons: that plaintiff, as a matter of law, assumed the risk and was guilty of contributory negligence; that the motion for a new trial should have been granted; that the jury was incorrectly instructed relative to the duty of the employer to the employee.

Appellant does not now contend that plaintiff was furnished a reasonably safe place in which to work, or that due care was shown on the part of the employer, but limits his assignments of error to the principal issues of whether plaintiff assumed the risk of injury in operating a dangerous instrumentality, or was guilty of contributory negligence as a matter of law. Certain instructions are also complained of which will be hereafter discussed.

The testimony established that plaintiff went to work for defendant in September, 1955. Before that time he had had no experience with a power take-off with which the John Deere tractor was equipped at the time of the injury. He was hired primarily as a truck driver and had driven the tractor during the period of employment thirty to forty hours, and had used the power take-off only one day. He was shown to be inexperienced in the operation of the type of machinery being used by him when he was injured.

The shield covering the power take-off was removed by express direction of the employer. The absence of such guard or shield on the equipment being used would place the operator of the machinery in a position of danger, which danger was known by defendant.

Negligence of the employer at the time and place of the accident and injury complained of not being here challenged, or if challenged, sufficiently shown by the transcript of evidence to exist, the questions presented are: first, was plaintiff guilty of contributory negligence; second, did he assume the risk.

Contributory negligence of an employee is the omission on his part to use such precautions for his own safety as ordinary prudence requires. It necessarily involves some fault or breach of duty on his part and failure to use such care for his own safety as an ordinarily prudent employee in the same circumstances would use. 56 C.J.S. Master and Servant § 421, p. 1242; 35 Am.Jur. 678, Sec. 248.

■ Where a defense of contributory negligence is interposed to defeat a recovery, the issue is generally a question of fact for the jury and only becomes one of law when the evidence is reasonably susceptible of no other interpretation than that the conduct of the injured party contributed to his injury, and because of his negligence and carelessness, he did not act as a reasonably prudent person should have acted under similar circumstances. Baldwin v. Mittry, 61 Idaho 427, 102 P.2d 643; Branson v. Northern Pacific R. Co., 55 Idaho 220, 41 P.2d 629, syl. 6, and cases there cited.

In the situation being considered the plaintiff slipped from the tractor and caught his pants leg in the revolving power take-off. The testimony does not establish just what defendant contends plaintiff could or should have done to avoid the fall and suffering of the injury complained of.

■ We are of the opinion that under the facts so outlined, the question of contributory negligence was one for the jury; that we cannot say, as a matter of law, that the acts of plaintiff contributed to the damage suffered.

■■ The assumption of risk is likewise generally a question of fact for the jury and becomes one of law only when the evidence is reasonably susceptible of no other interpretation than that the injured party assumed the risk. In order to assume the risk, the injured person must be shown to

have known the facts and appreciated the danger. Bressan v. Herrick, 35 Idaho 217, 205 P. 555.

■ An employee in accepting a service of employment assumes the risk incident to such employment only when the employer uses due care to furnish a reasonably safe place and reasonably safe machinery and appliances with which to perform the work. A risk which arises from the use of dangerous or defective machinery and appliances furnished by the employer is not a risk incident to the employment. Maw v. Coast Lumber Co., 19 Idaho 396, 114 P. 9, quoted in Bressan v. Herrick, supra.

■ To say, as a matter of law, that plaintiff in this case assumed the risk would be to extend the doctrine beyond its reasonable limits.

The jury found that defendant violated a duty owed plaintiff in not furnishing a reasonably safe place to work, and in failing to show ordinary care to that end, which absence of care on the part of defendant was the proximate cause of the injury suffered and damages complained of.

Appellant complained of instruction No. 10, which reads:

"You are instructed that it is the duty of an employer to cover, fence or guard dangerous machinery or dangerous places in the premises where his employees are required to work or

to be, provided this can be done consistently with a reasonably proper and effectual operation of such machinery, or with the proper and effectual conduct of his business.

"An employee will not be held to have assumed the extrahazard of working with unguarded machinery which should have been guarded, under the foregoing rule, unless he knew that ordinary prudence required the guarding of such machinery and was cognizant of the extrahazard incident to its operation without the guard—provided his injury was caused by the absence of a guard."

A similar instruction was given in Selhaver v. Dover Lumber Co., 31 Idaho 218, 169 P. 1169.

Defendant contends that the above instruction makes the employer an insurer of the safety of the employee, when in fact, the employer is only required to exercise reasonable care to furnish a safe working place for employees, and reasonably safe machinery, tools and appliances with which to work, and keep such machinery, tools and appliances in a reasonably safe working condition.

The above complained of instruction must be considered and construed with instruction No. 5, which reads:

"Negligence may be defined to be the omission or want of ordinary care; and ordinary care is such care as an ordinarily prudent person would exercise under like circumstances. Negligence may consist in the failure to do that which an ordinarily prudent person would do under the circumstances, or the doing of that which an ordinarily prudent person would not do under the circumstances. The care to be exercised to be ordinary care must be proportioned to the danger reasonably to be apprehended from the circumstances. What might be ordinary care under certain circumstances would be negligence under other circumstances. The standard by which ordinary care is gauged is the question:

" 'What would an ordinarily prudent person have done under like circumstances?'

"If a person acted as an ordinarily prudent person would act under the same circumstances and conditions, there is no negligence. If a person failed to act as an ordinarily prudent person would have acted under the same or like circumstances and conditions, then there is negligence."

When instruction No. 10 is construed with instruction No. 5, it is plain that the jury was sufficiently instructed of the duties of the employer and was not misled into concluding that the employer was an insurer of the employees' safety. Further no clarifying instruction was requested by defendant.

What has been said disposes of the motion for a new trial. We find no error. The judgment is affirmed. Costs to respondent.

PORTER, TAYLOR, SMITH and McQUADE, JJ., concur.