Frank C. REED and Christine Reed, husband and wife, Appellees,

v.

AMF WESTERN TOOL, INC., a corporation, American Machine and Foundry Company, a corporation, and Turf Equipment Company, a corporation, Appellants.

No. 24486.

United States Court of Appeals, Ninth Circuit.

Aug. 13, 1970.

---

John L. Runft and Richard B. Kading (argued), Eberle & Berlin, Graydon W. Smith, Boise, Idaho, for appellants.

Eugene C. Thomas (argued), Moffatt, Thomas, Barrett & Blanton, Boise, Idaho, for appellees.

Before HAMLEY, DUNIWAY and WRIGHT, Circuit Judges.

HAMLEY, Circuit Judge:

Frank C. Reed and his wife brought this diversity suit against the named defendants to recover damages for personal injuries and property loss sustained in a highway accident. The accident occurred when a lumber truck struck a "runaway" snowmobile which Reed had pursued onto the highway. Defendant American Machine and Foundry Company (AMF)[1] was the manufacturer

---

1. AMF Western Tool, Inc., was a wholly owned subsidiary of American Machine and Foundry Company. In October, 1967, this wholly owned subsidiary was dissolved, and the business entity is now designated as AMF Western Tool, a division of American Machine and Foundry Company.

and defendant Turf Equipment Company (Turf) was the sales distributor of the snowmobile in question.

Plaintiffs sought damages from AMF as designer and manufacturer of the snowmobile and from Turf as distributor, on the theories of strict liability in tort, express warranty, implied warranty, misrepresentation and negligence.

The case was tried before a jury in the United States District Court for the District of Idaho, Southern Division, in which district the accident occurred. Defendants filed a motion for a directed verdict at the close of plaintiffs' evidence, which they renewed at the close of all the evidence. These motions were denied, except as to plaintiffs' claim based on misrepresentations. A jury verdict in the amount of $115,000 was entered in favor of plaintiffs. Defendants then moved for judgment in accordance with their prior motions for directed verdict or, in the alternative, for a new trial. This case is before us on an appeal by defendants, purportedly taken from the denial of the motion for directed verdict.

█ Plaintiffs have moved to dismiss the appeal on the ground that defendants have appealed from the trial court's refusal to enter a judgment in accordance with defendants' motions for a directed verdict, rather than from a final appealable judgment. Upon the authority of Maddox v. Black, Raber-Kief & Associates, 303 F.2d 910 (9th Cir. 1962) we deny the motion to dismiss the appeal.

Reed was a snowmobile sales dealer. At the time of the accident he was demonstrating the snowmobile in question. In order to demonstrate the safety features of this machine to a prospective customer, Reed stood on one side of the snowmobile, started the engine with a key, and slowly turned the throttle to increase the engine speed for the purpose of engaging the centrifugal clutch. The snowmobile was in gear, so that when the clutch did engage the snowmobile began to move forward. Reed then released the throttle, which was supposed to return automatically to the idle position, thereby disengaging the clutch and stopping the machine's movement. This feature was known as the "dead man's throttle." Due to a malfunction in that mechanism the throttle stuck in a partially open position.

In an attempt to make the throttle return to the idle position, Reed jarred the throttle with his hand. Instead of returning to the idle position, however, the throttle became stuck in the wide open position, causing the snowmobile to lunge forward and to proceed out onto the highway.

Reed first tried to shut off the engine and then attempted to attain control of the machine by lifting it partially off the ground. In this effort he followed the snowmobile out onto the highway. The driver of a lumber truck heading toward Reed and the snowmobile tried to stop, swerved to avoid hitting Reed, and collided with the snowmobile. This impact caused Reed to be thrown into the side of the truck, resulting in his serious injuries.

Reed and his wife brought this suit alleging, among other things, that the defect in the snowmobile, which caused the throttle to stick, set in motion foreseeable factors which caused Reed's injuries. Defendants were liable, plaintiffs asserted, because AMF had manufactured and Turf had sold to Reed, the faulty snowmobile.

Defendants asserted in the trial court and now assert in this appeal that, as a matter of law, Reed was contributorily negligent and assumed the risk of his injuries. Defendants also contend that their negligence, if any, in manufacturing and selling the defective snowmobile was not the proximate cause of the accident which resulted in Reed's injuries.

█ Defendants were entitled to a directed verdict only if the evidence necessarily required a finding and conclusion that one or more of these defenses

had been established. Crane v. Banner, 93 Idaho 69, 455 P.2d 313 (1969); Williams v. Collett, 80 Idaho 462, 332 P.2d 1032 (1958). Stated conversely, if, viewing the evidence in a light most favorable to plaintiffs, there was substantial evidence supporting plaintiffs' theory that a defect in the mechanism was a proximate cause of the accident and that Reed was not contributorily negligent and did not assume the risk, the existence of substantial evidence countering these propositions would not warrant a directed verdict. *See* Butte Copper & Zinc Co. v. Amerman, 157 F.2d 457 (9th Cir. 1946). *See also*, Union Pacific R. R. Co. v. Jarrett, 381 F.2d 597 (9th Cir. 1967).

The substance of the evidence relied on by defendants in making their motions for a directed verdict involves primarily the actions of Reed. Reed, however, presented substantial evidence of the reasonableness of these actions, including:

1. Testimony that his manner of demonstrating the snowmobile was a reasonable way of presenting its safety features to potential customers.

2. Testimony that it was reasonable for him to have attempted to release the stuck throttle by jarring it as he did.

3. Evidence that several people who were eyewitnesses to the accident had their attention so centered on Reed and the snowmobile that they, like Reed, did not see the truck until the moment of impact.

4. Evidence tending to minimize the importance of a prior malfunctioning of the snowmobile as having given Reed any real notice that he might be assuming some risk by its use.

■ We think that plaintiffs' evidence was sufficiently substantial to have required submission of the case to the jury. We hold that the defendants were not entitled to a directed verdict

and that the trial court did not err in denying either of defendants' motions.

Defendants argue that Reed's failure to look for oncoming traffic before entering the highway, as required by Idaho Code § 49–734, constituted contributory negligence as a matter of law.

■ In general the violation of a statute enacted for the protection of motorists constitutes negligence per se in Idaho. But the violation of such a statute is excused or justified if there is an emergency not of the actor's own making by reason of which he reasonably fails to obey the statute. Bale v. Perryman, 85 Idaho 435, 380 P.2d 501, 505 (1963).

The emergency referred to is usually one in which the actor is himself placed in sudden peril. Reed, the actor here, was not himself in peril before he rushed onto the highway. The courts of Idaho seem not to have had an occasion, as yet, to determine whether sudden peril to other users of the highway or persons close to the highway, may call for application of this emergency rule. Elsewhere, however, the emergency doctrine is generally not restricted to cases in which the actor is the person endangered. Aylor v. Intercounty Construction Corp., 127 U.S.App.D.C. 151, 381 F.2d 930, 934 n. 9 (1967), and the authorities there cited. We believe the courts of Idaho would have applied this general rule under the facts of this case.

■ In our opinion there is substantial evidence warranting a jury finding that Reed had reasonable cause to believe others would be imperiled if he did not pursue the snowmobile onto the highway in an effort to stop it. The evidence is also ample to support a jury finding that, faced with this emergency, Reed acted reasonably in pursuing the snowmobile without first taking the time to ascertain if it was safe for him to do so. It was defendants' negligence which created the emergency, and Reed dealt with it the best he could under the circumstances.

■ The other arguments advanced by defendants have been considered but, in our opinion, they do not require reversal.[2]

Affirmed.

2. Appellant asserts on this appeal that plaintiffs are barred from recovery under the contractual aspects of the breach of warranty claim because of an express disclaimer of liability under the warranties and because plaintiffs were not in privity of contract with defendants. The jury's verdict did not specify the grounds on which they made their award to plaintiffs. However, defendants did not raise the above claimed defenses by objecting to the instructions given on breach of express or implied warranties before the case was submitted to the jury. Although they did raise these defenses in their motion for judgment in accordance with their prior motions for directed verdict or, in the alternative, for a new trial, this was clearly too late to preserve these defenses for this appeal. Fed.R.Civ.P. 51 *See also,* Bertrand v. Southern Pacific Company, 282 F.2d 569, 572 (9th Cir. 1960).