482 P.2d 84

**John OTTO, Plaintiff-Appellant,**

v.

**Antone MELL, Defendant-Respondent.**

**No. 10648.**

Supreme Court of Idaho.

March 3, 1971.

Brauner, Fuller & Doolittle, Caldwell, for plaintiff-appellant.

Elam, Burke, Jeppesen, Evans & Boyd, Boise, for defendant-respondent.

McFADDEN, Justice.

This action was instituted by John Otto, the plaintiff-appellant, seeking judgment against Antone Mell, the defendant-respondent, for personal injuries sustained by Otto when a hay stack he was working on collapsed. The case was tried to a jury and following a verdict for defendant this appeal was taken by the plaintiff.

Respondent Mell owned two separate ranches, one on which hay was grown and cattle raised, and the other where row crops were raised. Appellant Otto was employed by Mell, his brother-in-law, as a farm laborer and lived on the Mell ranch where the row crops were raised. During the summer of 1967, on Mell's farm where the hay was grown, Mell's father-in-law cut and baled the first cutting of hay. Mell hired three casual employees to stack this cutting of hay. He did not supervise the stacking operation, but merely designated where the stack was to be made.

Mr. Bob Kessler, a farmer near Fruitland, stacked the second cutting of hay on the Mell Farm. He stacked this cutting next to and adjoining the stack of the first cutting of hay. He testified that he observed the first stack of hay as he was building the second stack, and when the second stack of hay was up to a certain height, he noticed that there were large holes left in the first stack. He notified Mell of this, who then asked Kessler to cover the first stack with a couple of tiers of bales to protect the first stack from water damage.

Kessler further testified that the first cutting of hay was improperly stacked as the various tiers of bales were not "tied in," i. e., the bales were not overlapped for further support. Kessler testified that he did put two additional tiers of bales on the stack of the first cutting, and that he "tied in" these two additional tiers on the first

stack. Kessler testified that a hay stack ten or twelve bales high with no ties in it would settle after a period of time, and there would be a tendency toward collapse.

Otto testified that he was not completely familiar with the stacking of hay, and that while he had worked around farms for a number of years, and had helped bale hay, he had never stacked it. He stated that he was employed by Mell, but worked during the summer on the row crop ranch and was not familiar with the stack consisting of the first cutting of hay. In the winter of 1967–1968 he had been feeding cattle for Mell and said he had first taken hay from the second cutting of hay stacked by Kessler.

About 7:00 p. m. on March 27, 1968, he went out to the first cutting stack, backed his truck up to it, climbed onto the rack of the truck and then lifted himself up to the top of the stack in order to open it and throw the bales onto his truck. He turned around and was in the process of lifting the first bale from the top of the stack, a couple of rows in from the outside, when he felt the stack start to collapse. The hay stack fell, and he came down with it, landing on his shoulder. Bales of hay fell on him breaking his left leg. He testified that this was the first time that he had been on that stack.

The defendant admitted that Kessler had told him of the condition of the stack in question, and that he had never advised Otto of the condition of the stack.

The trial court gave, among other instructions to the jury, an instruction on the doctrine of assumed risk by an employee and also an instruction on the doctrine of contributory negligence on the part of the plaintiff. After the jury returned its verdict for the defendant, the plaintiff moved for a new trial on two grounds. The first ground asserted was insufficiency of the evidence to justify the verdict, and that it was contrary to law. The second ground asserted was that the jury should not have been instructed on the subject of contributory negligence. This motion was denied.

On this appeal, Otto asserts that the trial court erred in three regards: (1) giving an instruction based on the doctrine of assumed risk by an employee; (2) giving an instruction on the doctrine of contributory negligence; (3) refusing to grant a new trial.

It is our conclusion that the trial court erred in giving the two challenged instructions and that a new trial should be had.

On several occasions this court has enunciated the requirements for the application of the doctrine of assumed risk in an employer-employee relationship. Williams v. Collett, 80 Idaho 462, 332 P.2d 1032 (1958); Domingo v. Phillips, 87 Idaho 55, 390 P.2d 297 (1964); Otts v. Brough, 90 Idaho 124, 409 P.2d 95 (1965). See also Hodge v. Borden, 91 Idaho 125, 417 P.2d 75 (1966). In summary, these cases state that the defense of assumption of the risk in an employer-employee relationship requires that the employer establish that his employee knew the danger involved, and that the employee understood and appreciated the risk therefrom and voluntarily exposed himself thereto.

■ In the instant action there is a lack of proof that Otto was aware of the dangerous condition of the hay stack, although his employer, Mell, had been advised that the bales in the stack had not been tied in. In Fawcett v. Irby, 92 Idaho 48, 436 P.2d 714 (1968), this court considered the application of the doctrine of assumption of risk in an action involving motor vehicles. Therein this court held the giving of an instruction on this doctrine to be prejudicial error when the record failed to disclose some actual knowledge of the danger on the part of the plaintiffs, that they understood and appreciated the risk therefrom, or that the plaintiffs voluntarily exposed themselves to such danger. Under this situation the giving of the instruction embodying the doctrine of assumption of risk, when there was no evidence to justify it, was prejudicial error.

■ As to the instruction on the defense of contributory negligence, aside from certain inferences pointed to by respondent, there is a marked lack of any actions or

failures to act on the part of the appellant that could be considered as negligence on his part. It is elementary, of course, that the burden of proof of the respondent's affirmative defense was on him. It was incumbent on the respondent to produce such quantum of evidence as would justify the giving of an instruction on contributory negligence, and it is our conclusion that this standard has not been met.

Respondent asserts that while it might appear that the giving of an instruction is unwarranted by the facts, reversal is not called for unless it appears that the complaining party was prejudiced, citing several Idaho cases. We have no quarrel with this statement of the rule, but it is our conclusion that under the facts of this case the giving of the two questioned instructions, on assumption of risk and on contributory negligence, did prejudice the appellant. Under the law, the respondent was obligated to furnish a reasonably safe place for Otto to work. Williams v. Collett, 80 Idaho 462, 332 P.2d 1032 (1958); Deshazer v. Tompkins, 89 Idaho 347, 404 P.2d 604 (1965); Annot., 67 A.L.R.2d 1120; Annot., 49 A.L.R.2d 317. The record is replete with evidence concerning the failure of the respondent to fulfill this duty; the record shows appellant was unaware of the hidden danger, and discloses the seriousness of his injury. The giving of the questioned instructions could easily have been considered by the jury as an indication either that there was evidence of contributory negligence, or that there were facts to justify a finding by the jury that appellant had assumed the risk of injury. Under these circumstances, the giving of such instructions was prejudicial error. See Werth v. Tromberg, 90 Idaho 204, 409 P.2d 421 (1965).

It being the conclusion of the court that the two challenged instructions should not have been given, the judgment of the trial court is reversed, and the cause remanded for a new trial. Costs to appellant.

McQUADE, C. J., DONALDSON and SPEAR, JJ., and HAGAN, District Judge, concur.